PRO PLUS, INC., Appellant

v.

CROSSTEX ENERGY SERVICES, L.P., Appellee.

No. 01–11–00025–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 9, 2012.

Levon G. Hovnatanian, Martin, Disiere, Jefferson & Wisdom, LLP, Houston, TX, for Appellant.

Clifton J. McAdams, Brook F. Minx, Donato, Minx, Brown & Pool, P.C., Rene S. Rogers, Keith R. Taunton, Tucker, Taunton, Snyder & Slade, P.C., Houston, TX, for Appellee.

Panel consists of Justices KEYES, HIGLEY, and MASSENGALE.

## OPINION

LAURA CARTER HIGLEY, Justice.

In the trial court, Pro Plus, Inc. filed a motion to dismiss the claims of Crosstex Energy Services, L.P. on the ground that Crosstex had failed to file a certificate of merit with its original petition, as required by Civil Practice and Remedies Code sec-

tion 150.002.[1] Identifying eleven issues, Pro Plus appeals the trial court's order denying its motion to dismiss.

We reverse and remand.

## Background

Crosstex Energy Services provides natural gas gathering and transmission pipeline services to energy producers and consumers. The Godley Compressor Station in Johnson County, Texas is part of Crosstex's operations. Gas comes to the Godley Station through pipelines from wellheads in the field via gathering stations. The Godley Station compresses the gas, increasing the pressure, and then discharges the gas through a pipeline to the next downstream station.

On November 15, 2008, a gasket connection on a control valve on one of the compressors failed. Natural gas escaped the line and then ignited. A fire erupted at the station causing significant property damage.

On April 14, 2010, Crosstex sued Pro Plus and another defendant for damages arising from the fire. Pro Plus, a registered engineering firm, had been the principal contractor for the construction of the Godley Station. As stated in Crosstex's Original Petition, Pro Plus had "designed, specified, assembled, and constructed" the station.

In its Original Petition, Crosstex asserted causes of action against Pro Plus for general and specific negligence, negligent misrepresentation, breach of implied and express warranty, and breach of contract. With respect to its general negligence claim, Pro Plus alleged the following:

Pro Plus owed a duty to Crosstex, and the general public, to exercise a high degree of care in designing, constructing and assembling the Godley Station as any reasonable prudent engineering and/or construction firm would do under the same or similar circumstances. Pro Plus knew a leak in a high pressure gas pipeline could cause a cataclysmic event. Pro Plus breached its duty of care by rushing the design and/or hurriedly constructing the Godley Station in a careless and reckless manner.

Crosstex alleged the following specific acts of negligence against Pro Plus:

a) Failing to provide appropriate and/or independent conceptual design, specification and/or engineering services specifically for the Godley Station;

b) Failing to follow industry standards in the design, specification and/or engineering of the Godley Station;

c) Failing to provide appropriate conceptual design, specification and/or engineering services by including the 8″ flangeless Dyna–Flo model DF560 control valve on the upstream side of compressor unit # 2 when such valve was completely unnecessary;

d) Failing to use appropriate and/or compatible materials in the component parts of the 8″ flangeless Dyna–Flo model DF560 control valve under the circumstances, including but not limited to the decision to use a spiral wound gasket;

e) Failing to properly install the 8″ flangeless Dyna–Flo model DF560 control valve, including but not limited to faulty installation of the spiral wound gasket;

f) Failing to properly install the 8″ flangeless Dyna–Flo model DF560 control valve, including but not limited to failure to properly align and/or connect the 8″ flangeless Dyna–Flo model DF560 control valve to the associated piping;

---

1. *See* Tex. Civ. Prac. & Rem.Code Ann. § 150.002    (Vernon 2011).

g) Failing to warn Crosstex about the appropriateness and/or incompatibility of materials that Pro Plus utilized as component parts of the 8″ flangeless Dyna–Flo model DF560 control valve, including but not limited to the decision to use a spiral wound gasket;

h) Failing to follow industry standards in the installation of the 8″ flangeless Dyna–Flo model DF560 control valve and/or its component parts;

i) Failing to follow good and workmanlike practices with respect to using appropriate and/or compatible materials in installing and/or connecting the 8″ flangeless Dyna–Flo model DF560 control valve;

j) Failing to follow good and workmanlike practices with respect to installing and/or connecting the 8″ flangeless Dyna–Flo model DF560 control valve;

k) Failing to design and/or engineer the Godley Station in the same or similar manner as a reasonably prudent company would or would not have done, under the same or similar circumstances, commensurate with the danger involved;

l) Failing to install and/or connect the 8″ flangeless Dyna–Flo model DF560 control valve in the same or similar manner as a reasonably prudent company would or would not have done, under the same or similar circumstances, commensurate with the danger involved.

In support of its negligent misrepresentation claim, Crosstex asserted as follows:

a) Pro Plus represented that as a full-service supplier of design, engineering, construction and project management services, installation of the 8″ flangeless Dyna–Flo model DF560 control valve was reasonable and necessary in order to properly and safely operate the Godley Station;

b) Pro Plus represented the 8″ flangeless Dyna–Flo model DF560 control valve, after installation at Godley Station, was safe for its intended use in a high pressure natural gas pipeline;

c) Pro Plus represented the 8″ flangeless Dyna–Flo model DF560 control valve, after installation at Godley Station, was not defective nor unreasonably dangerous;

d) Pro Plus represented that as a full-service supplier of design, engineering, construction and project management services, it had a complement of qualified professionals with extensive experience to provide complete, cost effective, and timely project services;

e) Pro Plus represented that as a full-service supplier of design, engineering, construction and project management services, it had knowledge of the appropriate and/or compatible materials which should be utilized in a compressor station control valve and/or natural gas high pressure pipeline;

f) Pro Plus represented it followed the manufacturer's specifications and recommendations when installing the 8″ flangeless Dyna–Flo model DF560 control valve.

Crosstex made the following allegations to support its breach of implied warranty claim:

Pro Plus impliedly warranted that it designed, constructed and oversaw installation of the Godley Station in a good and workmanlike manner. Crosstex further alleges Pro Plus impliedly warranted that installing the 8″ flangeless Dyna–Flo model DF560 control valve made it fit for an appropriate and particular purpose (i.e., for use in a high pressure natural gas pipeline) if used in a reasonable manner when, in fact, the control valve was in a manifestly defective condition at the time it left the Defendant's possession, and was com-

pletely unnecessary to the operation of the Godley Station. Pro Plus had reason to know and in fact did know the particular purpose for which the control valve was supposed to be used, and knew or should have known that Crosstex was relying on Pro Plus' skill and judgment to select and furnish goods suitable for high pressure gas line service, in accord with a reasonable prudent design.

Crosstex asserted as follows with regard to its breach of express warranty claim:

Crosstex entered into a contract with Pro Plus as the full-service supplier of design, engineering, construction and project management services for the Godley Station. Pro Plus expressly warranted its work at the Godley Station would be free of defects. Pro Plus breached its express warranty for services contained in the contract between the parties in that Pro Plus warranted that its work would conform to "good standard industry practices" and be performed in a "workmanlike manner," when in fact Pro Plus' work on the Godley Station was clearly rushed, hurried, incomplete, substandard and inadequate.

Part of Pro Plus' work as the full-service supplier of design, engineering, construction and project management services for the Godley Station included the sale of services, including but not necessarily limited to providing professional judgment as to the necessity for having control valves at all, and if indicated, selection of the proper valve manufacturer, size, and appropriate materials for any component parts, including gaskets.

Lastly, Crosstex alleged as follows with respect to its breach of contract claim:

On or about February 28, 2005, Crosstex entered into a valid and enforceable Master Service Agreement contract with Pro Plus, governing all future work or services, including any supplied equipment or materials, which contract was in place during all times relevant to this lawsuit. Pro Plus, as the full-service supplier of design, engineering, construction and project management services for the Godley Station, breached the contract in one or more of the following respects:

a) Pro Plus failed to identify a hazardous condition(s) at the worksite;

b) Pro Plus failed to warn of a hazardous condition(s) at the worksite;

c) Pro Plus delivered goods that were defective in design;

d) Pro Plus delivered goods that were defective in workmanship;

e) Pro Plus delivered goods that were defective in materials;

f) Pro Plus delivered goods for other than their ordinary intended purposes.

Pro Plus filed its answer on May 28, 2010. Pro Plus generally denied Crosstex's claims and asserted a number of affirmative defenses and special exceptions.

A number of months later, the parties signed a Rule 11 agreement, which provided, inter alia, that the Crosstex's deadline to designate its experts was April 8, 2011. The Rule 11 Agreement was filed with the trial court on November 29, 2010.

On December 2, 2010, Pro Plus filed its "Motion to Dismiss Plaintiff's Claims Under Chapter 150 of the Texas Civil Practice and Remedies Code." Pro Plus averred that it is "a licensed or registered professional engineering firm" and "engages in the practice of engineering in accordance with Section 1001.003 of the Texas Occupations Code." It stated, "Crosstex engaged the services of Pro Plus to perform work on a natural gas compressor station near Godley, Johnson County, Tex-

as.... The work performed included engineering and design services during the construction of the Godley Station." Pro Plus continued, "All of Crosstex's claims against Pro Plus are based upon its allegations of damages arising out of the provision of professional services by Pro Plus.... Crosstex failed to attach a statutorily required certificate of merit to its Original Petition."

Pro Plus requested the trial court to dismiss Crosstex's claims against it with prejudice.

Crosstex responded to Pro Plus's motion by arguing, in part, that Pro Plus had waived its right to dismissal by joining in an earlier filed motion for continuance and by signing the Rule 11 Agreement, which extended the deadline for Crosstex's designation of experts. Within its response, Crosstex also moved for an extension of time to file its certificate of merit. It asserted that the trial court was permitted to grant an extension under Civil Practice and Remedies Code section 150.002(c) on a showing of good cause.

Pro Plus replied, arguing that section 150.002 requires a plaintiff to file a certificate of merit with its first-filed petition. It asserted that if a plaintiff fails to do this "[d]ismissal is mandatory under [section] 150.002." Pro Plus responded to Crosstex's waiver argument by stating, "Expert designation deadlines have nothing to do with a certificate of merit." Pro Plus further asserted, "The real issue is that Plaintiff failed to file a certificate of merit with its first-filed petition, and an expert designation deadline won't save Plaintiff on this issue."

Following a hearing, the trial court signed an order denying Pro Plus's motion to dismiss and giving Crosstex until April 8, 2011 to file its certificate of merit. The order provides specifically as follows:

On the below entered date came on to be heard Defendant Pro Plus' Motion to Dismiss and Plaintiff Crosstex Energy Services, L.P.'s Motion to Extend Time, and the Court, after reviewing the Motions, taking judicial notice of the other pleadings on file, and considering the argument of counsel, is of the opinion Defendant's Motion to Dismiss should be denied. For good cause shown, and in the interest of justice, the Court therefore:

ORDERS, ADJUDGES and DECREES that Plaintiff Crosstex Energy Services, L.P. file an expert report in compliance with the Certificate of Merit requirements contained in CPRC § 152.002 on or before the agreed deadline between the parties for Plaintiff to designate experts, currently April 8, 2011, which agreement was signed by the parties and thereafter filed with the court on November 29, 2010 pursuant to Rule 11 of the Texas Rules of Civil Procedure.

On January 4, 2011, Pro Plus filed its notice of appeal of the trial court's order. Crosstex filed its certificate of merit in trial court on January 6, 2011.

### The Statute

Resolving this appeal depends on the interpretation and application of section 150.002 of the Civil Practice and Remedies Code. That statute, titled "Certificate of Merit," provides as follows:

(a) In any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor who:

(1) is competent to testify;

(2) holds the same professional license or registration as the defendant; and (3) is knowledgeable in the area of practice of the defendant and offers testimony based on the person's:

(A) knowledge;

(B) skill;

(C) experience;

(D) education;

(E) training; and

(F) practice.

(b) The affidavit shall set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim. The third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor shall be licensed or registered in this state and actively engaged in the practice of architecture, engineering, or surveying.

(c) The contemporaneous filing requirement of Subsection (a) shall not apply to any case in which the period of limitation will expire within 10 days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor could not be prepared. In such cases, the plaintiff shall have 30 days after the filing of the complaint to supplement the pleadings with the affidavit. The trial court may, on motion, after hearing and for good cause, extend such time as it shall determine justice requires.

(d) The defendant shall not be required to file an answer to the complaint and affidavit until 30 days after the filing of such affidavit.

(e) The plaintiff's failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant. This dismissal may be with prejudice.

(f) An order granting or denying a motion for dismissal is immediately appealable as an interlocutory order.

(g) This statute shall not be construed to extend any applicable period of limitation or repose.

(h) This statute does not apply to any suit or action for the payment of fees arising out of the provision of professional services.

Tex. Civ. Prac. & Rem.Code Ann. § 150.002 (Vernon 2011).

**Jurisdiction over Interlocutory Appeal**

■ As a threshold matter, we address Crosstex's assertion in its response brief that this interlocutory appeal should be dismissed for lack of subject-matter jurisdiction. Whether a court has subject matter jurisdiction is a question of law, which we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004).

■ Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only when a statute explicitly confers such jurisdiction. *Tex. A & M Univ. Sys. v. Koseoglu,* 233 S.W.3d 835, 840 (Tex.2007). Subsection 150.002(f) of the Certificate of Merit statute permits an appeal from an interlocutory order granting or denying a motion to dismiss based on a failure to file a certificate of merit. *See* Tex. Civ. Prac. & Rem.Code Ann. § 150.002(f). Pro Plus asserts that this provision allows it to appeal the trial

court's order denying its motion to dismiss. Crosstex disagrees. It contends that this provision does not permit Pro Plus's appeal because the order denying the motion to dismiss is coupled with, and inseparable from, an order granting Crosstex's motion for extension of time to file its certificate of merit. Pro Plus points out that subsection 150.002(f) does not expressly permit an appeal from an order granting an extension of time.

Crosstex bases its jurisdictional challenge on *Ogletree v. Matthews*, 262 S.W.3d 316, 321 (Tex.2007). *Ogletree* involved a claim governed by the Texas Medical Liability Act. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 74.001–.507 (Vernon 2011 & Supp. 2011). In *Ogletree*, the Supreme Court of Texas determined that an appellate court lacks jurisdiction to review an interlocutory order that (1) simultaneously denies a defendant's motion to dismiss a plaintiff's health care liability claim and (2) grants the plaintiff's motion for extension of time to cure its timely filed, but substantively deficient, expert report. *See Ogletree*, 262 S.W.3d at 321. In reaching its holding, the court considered that section 74.351 of the Medical Liability Act expressly authorizes the trial court to grant a 30-day extension to allow the plaintiff to cure substantive deficiencies in an expert report that is otherwise timely filed within the 120-day statutory period for serving the report. *See id.* at 319; *see also* TEX. CIV. PRAC. & REM. ANN.CODE § 74.351(c) (Vernon 2011). The *Ogletree* court also considered that, although it expressly authorizes an interlocutory appeal from an order dismissing a claim under the Medical Liability Act for failure to serve an expert report timely, the legislature expressly prohibits—in Civil Practice and Remedies Code section 51.014(a)(9)—an interlocutory appeal from an order granting—under section 74.351—a 30-day extension to cure

deficiencies in a report. *See Ogletree*, 262 S.W.3d at 319.

With these statutory provisions in mind, the court stated that "the actions denying the motion to dismiss and granting an extension are inseparable" because "if a defendant could separate an order granting an extension from an order denying the motion to dismiss when a report has been served, section 51.014(a)(9)'s ban on interlocutory appeals for extensions would be meaningless." *Id.* at 321. In a later decision discussing *Ogletree*, the supreme court stated,

> The purpose of the ban on interlocutory appeals for extensions is to allow plaintiffs the opportunity to cure defects in existing reports. If a defendant could immediately appeal the denial of his motion to dismiss, the court of appeals would be reviewing the report's sufficiency while its deficiencies were presumably being cured in the trial court.

*Badiga v. Lopez*, 274 S.W.3d 681, 684 (Tex. 2009).

The considerations supporting the *Ogletree* decision do not apply here. Notably, the Certificate of Merit Statute authorizes an interlocutory appeal of an order granting a motion to dismiss but does not expressly ban the appeal of an order granting an extension of time to file a certificate of merit. More significantly, the policy considerations at issue in *Ogletree* are not relevant in this case.

*Ogletree* involved a defendant seeking dismissal because the plaintiff's timely filed expert medical report was deficient. *See Ogletree*, 262 S.W.3d at 318. Because the legislature has decided that a trial court can allow a plaintiff 30 days to cure a deficiency, the *Ogletree* court determined that allowing an interlocutory appeal before the plaintiff had a chance to cure would be "illogical and wasteful." *See id.* at 321. The court also stated, "[B]ecause

the Legislature authorized a single, thirty day extension for deficient reports, health care providers face only a minimal delay before a report's sufficiency may again be challenged and the case dismissed, if warranted."

In contrast, Pro Plus sought dismissal because Crosstex failed to timely file its certificate of merit. Pro Plus asserts, as it did in the trial court, that Crosstex was statutorily required to file its certificate of merit with its Original Petition. *See* Tex. Civ. Prac. & Rem. Ann.Code § 150.002(a); *see also Pakal Enters., Inc. v. Lesak Enterprises LLC*, 369 S.W.3d 224, 228 (Tex. App.-Houston [1st Dist.] 2011, pet. denied) (stating that section 150.002 requires a plaintiff to file a certificate of merit with the first-filed complaint asserting a claim against a professional). Pro Plus contends that because the certificate was not filed with the Original Petition, Crosstex's claims must be dismissed. Pro Plus asserts that failure to file a certificate of merit with an original petition, when required by statute to do so, cannot be cured, unlike a deficient report. *See, e.g., Ashkar Eng'g Corp. v. Gulf Chem. & Metallurgical Corp.*, No. 01-09-00855-CV, 2010 WL 376076, at *3 (Tex.App.-Houston [1st Dist.] Feb. 4, 2010, no pet.) (mem. op.) ("Nothing in Section 150.002 allows a plaintiff to cure a failure to timely comply."). Concomitantly, Pro Plus challenges the legality of the trial court's order granting Crosstex an extension of time, pursuant to subsection 150.002(c), to file its certificate of merit.

In short, the primary issue is whether Crosstex was required to file its certificate of merit with its Original Petition. If it was, Pro Plus's motion to dismiss should have been granted. *See* Tex. Civ. Prac. &

Rem.Code Ann. § 150.002(e). Permitting an appeal of the trial court's order in this case, unlike in *Ogletree*, would not be "illogical and wasteful." Rather, at this point, it is the dispositive issue concerning the issue in Crosstex's original petition.

We hold that subsection 150.002(f) permits Pro Plus's interlocutory appeal of the trial court's order. *See* Tex. Civ. Prac. & Rem.Code Ann. § 150.002(f); *cf. Badiga*, 274 S.W.3d at 685 ("A provider may pursue an interlocutory appeal of the denial of a motion to dismiss when no expert report has been timely served, whether or not the trial court grants an extension of time."). We overrule Crosstex's contention, raised in its response brief, that we lack jurisdiction.[2]

## Denial of Motion to Dismiss for Failure to File Certificate of Merit

The trial court's order does not state the basis on which it denied Pro Plus's motion to dismiss. On appeal, Pro Plus identifies 11 issues relating to assertions made by Crosstex in the trial court to support denial of Pro Plus's motion to dismiss.

As in the trial court, Pro Plus principally contends that Crosstex's claims against it should be dismissed pursuant to Civil Practice and Remedies Code section 150.002—the Certificate of Merit Statute—because Crosstex failed to file a certificate of merit with its Original Petition. Pro Plus points out that subsection (a) requires a certificate of merit in actions or arbitration proceedings "for damages arising out of the provision of professional services by a licensed or registered professional." Tex. Civ. Prac. & Rem. Ann.Code § 150.002(a). A "licensed or registered

2. After briefing was complete in this appeal, Crosstex filed a motion to dismiss in which it contends that this Court lacks subject-matter jurisdiction because, since its filing, the appeal has become moot. By separate order, we deny the motion to dismiss.

professional" includes a licensed professional engineer, such as Pro Plus. *See* TEX. CIV. PRAC. & REM. ANN.CODE § 150.001(1) (Vernon 2011). Pro Plus asserts that because Crosstex's claims arise from Pro Plus's provision of engineering services, Crosstex was required to file a certificate of merit with its Original Petition.

◼ "By its plain language, the Certificate of Merit Statute is compulsory, not discretionary." *TDIndustries, Inc. v. Citicorp N. Am., Inc.*, No. 02–10–00030–CV, 2011 WL 1331501, at *3 (Tex.App.-Fort Worth Apr. 7, 2011, no pet.); *see* TEX. CIV. PRAC. & REM.CODE ANN. § 150.002(e) (providing that plaintiff's failure to file affidavit in accordance with this section *shall* result in dismissal of complaint against defendant). Subsection (c) gives the trial court discretion to allow a plaintiff more time in which to obtain the certificate in certain limited circumstances. *See* TEX. CIV. PRAC. & REM. ANN.CODE § 150.002(c). But the Certificate of Merit Statute does not grant the trial court discretion to completely waive the requirement; rather, it mandates dismissal, on the defendant's motion, of any claims for which a certificate is required and not produced. *See Citicorp N. Am.*, 2011 WL 1331501, at *3; *see also UOP, L.L.C. v. Kozak*, No. 01–08–00896–CV, 2010 WL 2026037, *4 (Tex.App.-Houston [1st Dist.] May 20, 2010, no pet.) (mem. op.). Pro Plus further asserts that, under the circumstances of this case, subsection (c) did not provide a basis for the trial court to give Crosstex additional time to file its certificate and to deny its dismissal motion.

In contrast, Crosstex contends that the trial court properly denied Pro Plus's motion to dismiss because, pursuant to subsection (c), Crosstex was entitled, "for good cause," to an extension of time to file its certificate of merit. Crosstex also contends that denial of the dismissal motion

was proper because Pro Plus's conduct during litigation waived its right to pursue a motion to dismiss under the Certificate of Merit Statute. Crosstex further asserts that its breach of contract claim was not subject to dismissal because the Certificate of Merit Statute does not apply to that claim.

## A. Standard of Review

◼ We review a trial court's order denying a motion to dismiss case for failure to comply with section 150.002 for abuse of discretion. *TDIndustries, Inc. v. Rivera*, 339 S.W.3d 749, 752 (Tex.App.-Houston [1st Dist.] 2011, no pet.); *Curtis & Windham Architects, Inc. v. Williams*, 315 S.W.3d 102, 106 (Tex.App.-Houston [1st Dist.] 2010, no pet.). A trial court abuses its discretion when its ruling is arbitrary, unreasonable, or without reference to any guiding rules or legal principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985.) A trial court does not abuse its discretion merely because it decides a discretionary matter differently than this Court would in a similar circumstance, and we may not substitute our own judgment for that of the trial court. *Id.* Nonetheless, a trial court has no discretion in determining what the law is or in applying the law to the facts. *Id.* (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992)).

If resolution of the issue requires us to construe statutory language, we review statutory construction de novo. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex.2009); *Rivera*, 339 S.W.3d at 752. Once we determine the proper construction of the statute, we determine whether the trial court abused its discretion in the manner in which it applied the statute to the instant case. *Rivera*, 339 S.W.3d at 752; *Capital One v. Carter &*

*Burgess, Inc.*, 344 S.W.3d 477, 479–80 (Tex.App.-Fort Worth 2011, no pet.).

## B. "Good Cause" Exception of Subsection 150.002(c)

In its sixth issue, Pro Plus asserts that the trial court abused its discretion by granting an extension of time to file a certificate of merit, and thus subsection 150.002(c) cannot serve as a basis to support the trial court's denial of its motion to dismiss. To reiterate, subsection (c) provides:

> The contemporaneous filing requirement of Subsection (a) shall not apply to any case in which the period of limitation will expire within 10 days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor could not be prepared. In such cases, the plaintiff shall have 30 days after the filing of the complaint to supplement the pleadings with the affidavit. The trial court may, on motion, after hearing and for good cause, extend such time as it shall determine justice requires.

TEX. CIV. PRAC. & REM. ANN.CODE § 150.002(c).

Crosstex acknowledges that the statute of limitations did not expire on its claims within 10 days of its filing of its Original Petition and that the 30–day extension provision of section 150.002(c) did not apply. Instead, Crosstex argues that the language in section 150.002(c) providing that "[t]he trial court may, on motion, after hearing and for good cause, extend such time as it shall determine justice requires" creates an additional exception to the contemporaneous filing requirement. Crosstex asserts that a trial court has discretion to grant an extension to file a certificate of merit on a showing of good cause regardless of whether the plaintiff was previously entitled to the 30–day extension mentioned in subsection (c). In other words, Crosstex contends that the last sentence of subsection (c) is a stand-alone provision, independent of the preceding sentences in that subsection. Crosstex cites *WCM Group, Inc. v. Brown*, 305 S.W.3d 222 (Tex.App.-Corpus Christi 2009, pet. dism'd) to support its position.

In *Brown*, the court refused to limit the application of "the good cause exception" to circumstances in which the plaintiff files suit within 10 days of the expiration of the statute of limitations. *Id.* at 230. The court stated,

> We will not rewrite the statute in the manner suggested by WCM to limit the good cause extension to situations where the party files suit within ten days of the expiration of limitations, particularly given that the purpose of the statute is to provide a basis for the trial court to conclude that the plaintiff's claims have merit, not to dismiss meritorious claims on a procedural technicality.

*Id.*

We need not determine whether the Corpus Christi Court of Appeals's interpretation of the language found in subsection (c) is correct. Even applying that interpretation, Crosstex did not establish that "good cause" to grant it an extension of time and to concomitantly deny Pro Plus's dismissal motion.

In support of its motion for extension of time, Crosstex relied heavily on the post-suit acts and omissions of Pro Plus to demonstrate good cause for receiving an extension. Crosstex alleged that Pro Plus had actively engaged in the litigation process and agreed to extend the deadline for expert witness designations. Crosstex asserts that it detrimentally relied on these

acts with regard to how it conducted itself in the litigation. Specifically, Crosstex points to the following acts and omissions of Pro Plus:

- Pro Plus answered the suit, asserting various affirmative defenses and special exceptions but not mentioning that Crosstex failed to file a certificate of merit with its Original Petition.
- Pro Plus conducted "extensive" written discovery, with the parties exchanging more than 11,000 pages of documents.
- Pro Plus did not object to the trial court's docket control order requiring the parties to designate expert witness, as provided in Rule of Civil Procedure 194.2, by November 8, 2010. Nor did Pro Plus complain, at that time, that Crosstex had not filed its certificate of merit as required by section 150.002.
- Pro Plus joined in a motion for continuance of the trial setting and docket control order, which was granted on November 9, 2010.
- Pro Plus signed a Rule 11 Agreement modifying the docket control order. The Rule 11 Agreement provided, inter alia, that Crosstex had to designate its experts by April 8, 2011.

At this point, we revisit the basic requirement of the Certificate of Merit Statute. The statute provides that, in a suit for damages arising from the provision of professional engineering services, a plaintiff must file, with its complaint, an affidavit (that is, a certificate of merit) of a third-party licensed professional engineer to support those claims. TEX. CIV. PRAC. & REM. ANN.CODE § 150.002. This Court has interpreted this provision to require a plaintiff to file a certificate of merit with its first-filed petition. *Pakal*, 369 S.W.3d 224 (citing *Sharp Eng'g v. Luis*, 321 S.W.3d 748, 752 (Tex.App.-Houston [14th Dist.] 2010, no pet.)); *see also Ashkar*, 2010 WL 376076, at *1, *3 (holding that plaintiff failed to timely file certificate of merit when it did not file certificate with its original petition).

■ Starting with this principle, Crosstex was statutorily required to file its certificate of merit with its Original Petition. Crosstex had already violated the contemporaneous filing requirement when Pro Plus engaged in the conduct cited by Crosstex as a basis for applying the good cause exception. As we stated in *Ashkar*, "Nothing in Section 150.002 allows a plaintiff to cure a failure to timely comply." 2010 WL 376076, at *3. This holds true in this case. Crosstex cannot cure its failure to file a certificate of merit with its Original Petition or show "good cause" by relying on Pro Plus's post-filing conduct. Thus, Pro Plus's post-filing conduct cannot serve as a basis for a good-cause extension of time to file a certificate of merit. *Cf. WCM Group, Inc. v. Camponovo*, 305 S.W.3d 214, 221 (Tex.App.-Corpus Christi 2009, pet. dism'd) (holding good cause for an extension was shown because plaintiffs demonstrated that they did not know that defendant was professional engineering firm *at the time original petition was filed*).

In support of its motion for extension of time, Crosstex also relies on its own pre-suit conduct to show "good cause." Crosstex offered evidence showing that, after the fire, it conducted an internal investigation and hired an independent engineering firm to determine the cause of the fire. It also hired an independent laboratory to test the control valve involved in the fire. Crosstex offered documentation showing that Pro Plus had been privy to the pre-suit testing and investigations. On appeal, Crosstex points out that the pre-suit investigations revealed a number of possible causes of the fire, including causes unrelat-

ed to the provision of professional engineering services.

Crosstex contends that Pro Plus's knowledge of the pre-suit investigations allowed Crosstex "to rely on the fact that Pro Plus was satisfied that Crosstex had more than fulfilled its pre-filing obligation to ensure that its claims were meritorious even if Pro Plus did not agree that Crosstex should prevail on its claims." Crosstex asserts that, as a result, it "could reasonably have believed that Pro Plus would not attempt to dismiss Crosstex's claims or that Pro Plus would not be able to exercise its option to dismiss in good faith."

A review of Crosstex's Original Petition shows that it asserts numerous causes of action against Pro Plus arising out of Pro Plus's provision of engineering services. For each theory of recovery asserted by Crosstex, the statute required that a third-party licensed professional engineer explain the factual basis for each claim. *See Nangia v. Taylor,* 338 S.W.3d 768, 772–73 (Tex.App.-Beaumont 2011, no pet.) ("The focus of the certificate of merit is on the alleged error or omission and the facts that support the claim."). Specifically, subsection 150.002(b) requires as follows:

> The affidavit shall set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim. The third-party licensed ... professional engineer ... shall be licensed or registered in this state and actively engaged in the practice of .... engineering.

TEX. CIV. PRAC. & REM.CODE ANN. § 150.002(b).

The record does not show that Crosstex shared pre-suit expert reports or information with Pro Plus that included the information required by subsection (b). Nor does the record reflect, as Crosstex claims, that "Pro Plus was satisfied" that Crosstex had adequately or objectively investigated the cause of the fire. We disagree with Crosstex that the evidence it offered with regard to its pre-suit activities provided good cause for the trial court to grant it an extension of time and concomitantly deny Pro Plus's motion to dismiss.

We conclude that the record does not show "good cause" existed for the trial court to grant an extension of time for Crosstex to file its certificate of merit. We hold that, to the extent that it denied Pro Plus's motion to dismiss based on subsection (c), the trial court abused its discretion.

We sustain Pro Plus's sixth issue.

## C. Rule of Civil Procedure 5

In its motion for extension of time, Crosstex asserted that the trial court could grant an extension pursuant to Rule of Civil Procedure 5. Pro Plus asserts in its ninth issue that Rule 5 does not authorize an extension of time to file a certificate of merit. Rule 5 provides, in relevant part, as follows:

> When by these rules or by a notice given thereunder or by order of the court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion ... upon motion *permit the act to be done after the expiration of the specified period where good cause is shown for the failure to act.*

TEX.R. CIV. P. 5 (emphasis added). Pro Plus contends that Rule 5 does not apply

because an extension of time to file a certificate of merit is governed specifically by subsection 150.002(c). However, we need not resolve this issue. Assuming that it applies, Rule 5 can only be used to grant an extension of time on a showing of "good cause." *See id.; see also In re M.N.*, 262 S.W.3d 799, 804 (Tex.2008). As discussed *supra*, the record in this case does not show "good cause" for granting an extension of time to file the certificate of merit in this case.

We sustain Pro Plus's ninth issue.

## D. Waiver of Right to Seek Dismissal

In its response to the motion to dismiss, Crosstex asserted that Pro Plus had waived its right to seek dismissal. Crosstex relied on many of the same acts and omissions by Pro Plus that it had cited to support its assertion that good cause existed for an extension of time to file its certificate of merit. Pro Plus addresses the issue of waiver in its fourth and fifth issues.

■ Waiver is an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. *Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex.2003); *Palladian Bldg. Co. v. Nortex Found. Designs, Inc.*, 165 S.W.3d 430, 434 (Tex.App.-Fort Worth 2005, no pet.). Waiver becomes a question of law when the facts and circumstances are admitted or clearly established. *Jernigan*, 111 S.W.3d at 156–57; *Palladian Bldg.*, 165 S.W.3d at 434. Waiver is largely a matter of intent. *Ustanik v. Nortex Found. Designs, Inc.*, 320 S.W.3d 409, 413 (Tex.App.-Waco 2010, pet. denied). Intent must be clearly demonstrated by the surrounding facts and circumstances for implied waiver to be found through a party's actions. *Id.* (citing *Jernigan*, 111 S.W.3d at 156). Waiver of a right cannot be found if the party against whom waiver is sought says or does nothing inconsistent with its intent to rely on such right. *Id.* (citing *Jernigan*, 111 S.W.3d at 156; *Palladian Bldg.*, 165 S.W.3d at 434). Thus, the question becomes did Pro Plus take actions that were inconsistent with exercising their right to file a motion to dismiss. *See id.* at 414.

■ Crosstex argues that Pro Plus waived its right to dismissal because it participated in the litigation process and delayed filing its motion to dismiss until after the two-year statute of limitations had run on its negligence based claims. We begin by recognizing that courts have held that participating in the litigation process or delaying pursuit of dismissal, without more, does not show intent to waive a right to dismissal under section 150.002. *See, e.g., Ustanik*, 320 S.W.3d at 413–14; *DLB Architects, P.C. v. Weaver*, 305 S.W.3d 407, 411 (Tex.App.-Dallas 2010, pet. denied); *Landreth v. Las Brisas Council of Co-Owners, Inc.*, 285 S.W.3d 492, 500–01 (Tex.App.-Corpus Christi 2009, no pet.). Crosstex acknowledges that the Certificate of Merit Statute does not include a deadline to file a motion to dismiss. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 150.002; *see also Ustanik*, 320 S.W.3d at 413; *cf.* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351 (establishing a 21 day deadline to object to an expert report in a health care liability claim). The mere fact that a defendant waits to file a motion to dismiss pursuant to section 150.002 is not sufficient to establish waiver. *See Ustanik*, 320 S.W.3d at 414 (holding that delay of two years, five months to file motion to dismiss did not constitute waiver); *DLB Architects*, 305 S.W.3d at 411 (waiting more than one year to file dismissal motion did not manifest intent to waive); *see also Jernigan*, 111 S.W.3d at 157 (holding that physician who waited 600 days after receiving expert report to move for dismissal did not

waive his right to pursue a motion to dismiss under former version of the health care liability statute).

Courts have determined that participating in the litigation process by, for example, conducting discovery or filing a motion for summary judgment did not manifest intent to waive a right to seek dismissal. *See Ustanik*, 320 S.W.3d at 414; *Landreth*, 285 S.W.3d at 500–01. Crosstex contends that Pro Plus's participation in discovery and its agreement to a continuance of the docket control order's discovery deadlines were acts inconsistent with its right to seek dismissal. However, as other courts have indicated, learning more about the case in which one is a party by way of the discovery process does not demonstrate intent to waive the right to move for a dismissal. *See Ustanik*, 320 S.W.3d at 414 (citing *Jernigan*, 111 S.W.3d at 157); *see also Perry Homes v. Cull*, 258 S.W.3d 580, 590 (Tex.2008) (citing examples of participation in discovery in which supreme court found no waiver of right to arbitrate). Thus, Pro Plus's participation in the discovery process, including engaging in written discovery and agreeing to extend discovery deadlines, and its delay in filing its dismissal motion, are not acts inconsistent with its right to seek dismissal. *Ustanik*, 320 S.W.3d at 414; *DLB Architects*, 305 S.W.3d at 411; *Landreth*, 285 S.W.3d 492, 500–01.

■ Crosstex also relies heavily on the fact that Pro Plus answered the suit. Crosstex points out that section 150.002 does not require a defendant to answer until 30 days after the certificate of merit is filed. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 150.002(d) ("The defendant shall not be required to file an answer to the complaint and affidavit until 30 days after the filing of such affidavit.").

We do not perceive a defendant's decision to answer a suit, even if not required

to do so, as being inconsistent with its right to pursue a motion to dismiss. Although it permits a defendant to wait to file its answer, the statute does not require a certain due order of pleadings. *See id.* Moreover, a defendant must determine early in the litigation process whether to file an answer or risk a possible default judgment. *See* TEX.R. CIV. P. 99(b),(c) (directing defendant to file written answer "on or before 10:00 a.m. on the Monday next after the expiration of twenty days after the date of service thereof" or face possible default judgment). A defendant's answer may be due before it has adequately determined whether it has a right to pursue dismissal. We agree with other courts that have held no waiver occurred following a defendant's filing of an answer. *See Ustanik*, 320 S.W.3d at 414 (holding no waiver when defendant filed answer that raised a certificate of merit defense but still waited almost two-and-one-half years to file dismissal motion); *Palladian Bldg.*, 165 S.W.3d at 435 (holding that it was "not unreasonable or inconsistent for [defendant] to elect to file an original or amended answer prior to filing its motion to dismiss for [the plaintiff's] failure to file the required expert's affidavit").

■ Crosstex also argues that Rule of Civil Procedure 90 required Pro Plus to specially except to the absent certificate. Rule 90 requires, "Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by exception ... shall be deemed to have been waived by the party seeking reversal on such account...." TEX.R. CIV. P. 90. Crosstex asserts that Pro Plus has waived its right to complain about the lack of a certificate of merit because it did not specially except before seeking dismissal.

Pro Plus responds that it was not required to specially except to the lack of Crosstex's certificate of merit. It points

out that a failure to file a certificate of merit is not a defect, omission or fault *in* a pleading; rather, section 150.002 requires that a certificate of merit be filed *with* the first-filed complaint; the certificate is not incorporated into the pleading. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 150.002(a).

▉▉▉▉ The purpose of a special exception is to compel clarification of pleadings when the pleadings are not clear or sufficiently specific or fail to plead a cause of action. *Friesenhahn v. Ryan,* 960 S.W.2d 656, 658 (Tex.1998). Special exceptions may also be used to determine whether the plaintiff has stated a cause of action permitted by law. *Id.* Special exceptions serve to permit amendment of the complained-of pleading to cure the defect before dismissal. *See Warwick Towers Council of Co–Owners v. Park Warwick, L.P.,* 298 S.W.3d 436, 444 (Tex.App.-Houston [14th Dist.] 2009, no pet.). However, when, as here, the defect cannot be cured by amendment, a special exception is unnecessary. *See Friesenhahn,* 960 S.W.2d at 658 (holding that, when pleading deficiency is type that cannot be cured by amendment, special exception is unnecessary and summary judgment based on the pleading's failure to state a legal claim is permitted); *see also Ashkar,* 2010 WL 376076, at *3 ("Nothing in Section 150.002 allows a plaintiff to cure a failure to timely comply.").

▉▉▉▉ Lastly, Crosstex contends that Pro Plus waived its right to seek dismissal because it agreed to extend the time by which Crosstex had to designate its expert witnesses and to furnish expert reports. Crosstex points out that Pro Plus joined a motion for continuance of the trial setting and docket control order, which was granted on November 9, 2010. Pro Plus also signed a Rule 11 Agreement further extending the deadline for Crosstex to designate its experts and to furnish expert reports until April 8, 2011. The Rule 11 Agreement was filed in the trial court three days before Pro Plus filed its motion to dismiss. Crosstex asserts that Pro Plus's agreement to extend the expert deadlines was inconsistent with Pro Plus's right to seek dismissal and constitutes waiver of that right.

Pro Plus responds that its agreement to extend expert deadlines that were previously set in the trial court's original docket control order is not inconsistent with its right to seek dismissal pursuant to section 150.002. Pro Plus points out that the docket control order stated that the parties' expert witness designations were required to include the information listed in Rule of Civil Procedure 194.2(f) and that the failure to timely respond was governed by Rule of Civil Procedure 193.6. Pro Plus asserts that the requirement to file a certificate merit is neither subsumed within the requirements of Rule 194.2(f) nor synonymous with them. Rather, the certificate of merit requirement is a separate statutory requirement with a discrete purpose with distinct consequences if a plaintiff fails to comply.

▉▉▉▉ As explained by one court, the purpose of Rule 194.2(f) is "to give the opposing party sufficient information about the expert's opinions to prepare to cross-examine the expert and to prepare expert rebuttal evidence."[3] *Miller v. Kennedy &*

---

**3.** Rule 194.2(f) provides for the disclosure of the following for testifying experts:

(1) the expert's name, address, and telephone number;

(2) the subject matter on which the expert will testify;

(3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the

*Minshew, P.C.,* 142 S.W.3d 325, 348 (Tex. App.-Fort Worth 2003, pet. denied). Expert reports serve a similar purpose; such disclosures and expert reports not only prevent trial by ambush, but affect the opposing party's preparation for trial. *Baker v. Energy Transfer Co.,* No. 10–09–00214–CV, 2011 WL 4978287, at *1 (Tex. App.-Waco Oct. 19, 2011, no pet. h.) (mem. op.) (citing *Baize v. Scott & White Clinic,* No. 03–05–00780–CV, 2007 WL 135956, at *7 (Tex.App.-Austin Jan. 22, 2007, pet. denied) (mem. op.)). A failure to properly designate expert witnesses results in the automatic exclusion of the expert testimony unless the offering party demonstrates good cause for the failure or a lack of unfair surprise. *See* TEX.R.APP. P. 193.6(a); *Perez v. Embree Constr. Grp., Inc.,* 228 S.W.3d 875, 884 (Tex.App.-Austin 2007, pet. denied).

██ In contrast, "[T]he purpose of the certificate of merit is to provide a basis for the trial court to conclude that the plaintiff's claims have merit." *Criterium–Farrell Eng'rs v. Owens,* 248 S.W.3d 395, 399 (Tex.App.-Beaumont 2008, no pet.). The consequence for failing to file timely a certificate of merit is dismissal of the plaintiff's complaint. *See* TEX. CIV. PRAC. & REM. ANN.CODE § 150.002(e); *see Ashkar,* 2010 WL 376076, at *3 (stating that section 150.002 requires trial court to dismiss suit on defendant's motion when plaintiff has failed to timely file certificate of merit).

Given the divergence in the purpose and in the consequences of noncompliance between Rule 194.2(f) and the Certificate of Merit Statute, we agree with Pro Plus that consenting to an extension of time with regard to expert witness discovery deadlines is not inconsistent with Pro Plus's right to pursue dismissal under section 150.002. We cannot perceive how agreeing to extend expert designation and disclosure requirements governed by Rule 194.2(f) manifests intent to abandon a right to seek dismissal of claims for failure to comply with the Certificate of Merit Statute.[4]

Based on the record presented, we hold that Pro Plus did not waive its right to seek dismissal of Crosstex's claims under section 150.002. We sustain Pro Plus's fourth and fifth issues.

### E. Breach of Contract Claim

██ In its response to Pro Plus's motion to dismiss, Crosstex asserted that section 150.002 did not apply to its breach of contract claims. Pro Plus contends, in its third issue, that Crosstex was required to file a certificate of merit in support of its breach of contract claim because the 2009 amendment to section 150.002, which applies here, requires a certificate to be filed in support of all claims for damages, including breach of contract, arising from the provision professional services.

In the trial court, Crosstex argued that it was not required to file a certificate of merit with regard to its breach of contract claim because section 150.002 did not apply to that claim. Citing *Natex Corp. v. Paris*

---

responding party, documents reflecting such information;

(4) if the expert is retained by, employed by, or otherwise subject to the control of the responding party:

(A) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

(B) the expert's current resume and bibliography.

TEX.R. CIV. P. 194.2(f).

4. Pro Plus also points out that, had it not signed the Rule 11 Agreement and the trial court denied its motion to dismiss, it would have missed its deadline for designating its own experts.

*Indep. Sch. Dist.*, 326 S.W.3d 728, 733 (Tex.App.-Texarkana 2010, pet. dism'd w.o.j.), Crosstex asserted in the trial court that it was not required to file a certificate of merit with regard to its breach of contract claim because section 150.002 does not apply to a claim for a breach of a written contract. *Natex*, however, is of limited value to determining in this case whether Crosstex was required to file a certificate of merit to support its breach of contract claim. In *Natex*, the 2005 version of the Certificate of Merit Statute applied to the plaintiff's claims. *See id.* at 731 n. 2. It is undisputed that the 2009 version of the statute, which is its most current, applies to Crosstex's claims.[5]

The *Natex* court stated, "We conclude, as did our sister courts, that the applicable [2005] version of Section 150.002 applies only to negligence claims and not to claims based on contract." *Id.* at 733. The court then analyzed the plaintiff's claims and determined that they were based in con-

tract, not in negligence. *See id.* at 735. The court held that, under the 2005 version of the statute, the plaintiff was not required to contemporaneously file a certificate of merit to support its breach of contract claims. *Id.*

In 2009, the Texas Legislature amended the Certificate of Merit Statute in direct response to the holdings of intermediate appellate courts, which limited the application of the statute to negligence claims. *See S & P Consulting Eng'rs v. Baker*, 334 S.W.3d 390, 399–400 (Tex.App.-Austin 2011, no pet.) (discussing bill analysis of section 150.002 showing legislature's frustration with appellate court's continued limitation of statute to negligence actions). As amended in 2009, the current version of the Certificate of Merit Statute requires a certificate of merit to be filed "[i]n any action ... for damages arising out of the provision of professional [engineering] services by a licensed or registered professional."[6] TEX. CIV. PRAC. & REM.CODE ANN.

---

**5.** The 2009 amendment applies to actions commenced after the amendments effective date of September 1, 2009. *See* Act of May 29, 2009, 81st Leg., R.S., ch. 789, § 3–4, sec. 150.002, 2009 Tex. Gen. Laws 1991, 1992 (now codified at TEX. CIV. PRAC. & REM.CODE ANN. § 150.002 (Vernon 2011)). Because Crosstex filed its Original Petition on April 14, 2010, section 150.002, as amended in 2009, governs this case. *See id.* To date, section 150.002 has not been amended since 2009.

**6.** Although not argued in the trial court, Crosstex now appears to challenge in its response brief, whether its contract claim arises from Pro Plus's provision of professional engineering services. We recognize that a party may not argue a theory on appeal that is different from that presented in the trial court. *Berry v. Segall*, 315 S.W.3d 141, 144 (Tex.App.-El Paso 2010, no pet.). And we may not affirm a judgment on a ground not presented to the trial court to which the other side had no opportunity to respond. *Victoria Gardens of Frisco v. Walrath*, 257 S.W.3d 284, 289–90 (Tex.App.-Dallas 2008, pet. denied). In any event, it is beyond dispute that Crosstex's Original Petition is replete with claims that it

suffered damages as a result of the alleged substandard engineering and design services provided by Pro Plus during the construction of the Godley Station. Crosstex expressly sued Pro Plus for breach of contract claim, in part, based its role as supplier of design and engineering services. Crosstex appears to allege that its claims, tort and contract, also arise from Pro Plus's performance of its management and construction services at the Godley Station. Crosstex asserts that these claims do not arise from the provision of professional engineering services. In determining what "the provision of professional [engineering] services" in subsection 150.002(a) means, we are look to the Occupations Code's definition of the practice of engineering. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 150.001(3) (Vernon 2011). The Occupations Code defines the practice of engineering as "the performance of ... any public or private service or creative work, the adequate performance of which requires engineering education, training, and experience in applying special knowledge or judgment of the mathematical, physical, or engineering sciences to that service or creative work." TEX

§ 150.002(a); *see id.* § 150.001(1) (defining "licensed or registered professional" to include a licensed professional engineer). The certificate of merit

> shall set forth specifically *for each theory of recovery for which damages are sought,* the negligence, if any, *or other action, error, or omission* of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim.

*Id.* § 150.002(b) (emphasis added). We conclude that the Certificate of Merit Statute applies to Crosstex's breach of contract claim. *See id.* § 150.002(a), (b). Accordingly, Crosstex was required to contemporaneously file with its Original Petition a certificate of merit addressing each of its claims, including its breach of contract claim. *See id.*

We sustain Pro Plus's ninth issue.[7]

**Conclusion**

For the reasons discussed, we hold that Crosstex was required to file a certificate of merit contemporaneously with its Original Petition. *See id.* § 150.002(a). Because it failed to do so, section 150.002 requires that Crosstex's claims be dismissed. *See id.* § 150.002(e). We hold that the trial court abused its discretion when it denied Pro Plus's motion to dismiss.

We reverse the trial court's December 17, 2010 order and remand to the trial court for further proceedings consistent with this opinion.[8]

Justice KEYES, dissenting.

EVELYN V. KEYES, Justice, dissenting opinion.

In the trial court, Pro Plus, Inc. ("Pro Plus") filed a motion to dismiss the claims of Crosstex Energy Services, L.P. ("Crosstex") on the ground that Crosstex had failed to file a certificate of merit with its

---

Occ.Code Ann. § 1001.003(b) (Vernon Supp. 2011). The practice of engineering includes, among other things, design of engineering works or systems; engineering for construction of real property; engineering for preparation of operating or maintenance manuals; and "any other professional service necessary for the planning, progress, or completion of an engineering service." *Id.* § 1001.003(c). Based on the definitions provided in the Occupations Code, and the plain language of section 150.002(a), a claim for damages asserted against a professional engineer arises out of the provision of professional services (and thus requires a certificate of merit) if the claim implicates the engineer's education, training, and experience in applying special knowledge or judgment. *UOP, L.L.C. v. Kozak,* No. 01–08–00896–CV, 2010 WL 2026037, at *5 (Tex.App.-Houston [1st Dist.] May 20, 2010, no pet.) (mem. op.). A review of Crosstex's Original Petition, as set out in detail *supra,* shows that Crosstex's claims arising out of Pro Plus's provision of engineering, design, management, and contracting services are so intertwined that the basis for each is

indistinguishable. Thus, as pled, in whatever role it was sued by Crosstex, Pro Plus's engineering education, training, and experience was implicated. *See id.* at *7.

7. We need not reach Pro Plus's remaining issues, which offer alternative grounds for reversal. Pro Plus's first issue generally avers that the trial court abused its discretion in denying the motion to dismiss; thus, we sustain that issue.

8. Crosstex has informed this Court that, while this interlocutory appeal was pending, it filed an amended petition with a certificate of merit in the trial court. The scope of our review in this interlocutory appeal is limited to determining whether the trial court abused its discretion in denying Pro Plus's motion to dismiss, as discussed *supra. See* Tex. Civ. Prac. & Rem.Code Ann. § 150.002(f). We make no express determination with respect to arguments that Crosstex may assert on remand in the trial court with regard to the effect or significance of Crosstex's recent filing of its first amended petition.

original petition, as required by Civil Practice and Remedies Code section 150.002.[1] Identifying eleven issues, Pro Plus appeals the trial court's order denying its motion to dismiss.

Because I believe Pro Plus knowingly and voluntarily waived its right to a certificate of merit under the circumstances of this case, I would affirm the judgment of the trial court.

I agree with the majority that, by its plain language, the Certificate of Merit Statute is mandatory, not discretionary. *See TDIndustries, Inc. v. Citicorp N. Am., Inc.,* No. 02–10–00030–CV, 2011 WL 1331501, at \*3 (Tex.App.-Fort Worth Apr. 7, 2011, no pet.) (mem. op.); *see also* Tex. Civ. Prac. & Rem.Code Ann. § 150.002(e) (Vernon 2011) (providing that plaintiff's failure to file affidavit "in accordance with this section *shall* result in dismissal of the complaint against the defendant") (emphasis added). However, I disagree with the majority's position that "the Certificate of Merit Statute does not grant the trial court discretion to completely waive the requirement; rather, it mandates dismissal, on the defendant's motion, of any claims for which a certificate is required and not produced." Slip Op. at 18–19 (citing *Citicorp N. Am.,* 2011 WL 1331501, at \*3; *UOP, L.L.C. v. Kozak,* No. 01–08–00896–CV, 2010 WL 2026037, \*4 (Tex.App.-Houston [1st Dist.] May 20, 2010, no pet.) (mem. op)). Rather, the Texas Supreme Court has recognized that waiver may indeed apply when compliance with a statutory requirement is mandatory, so long as the elements of waiver are satisfied. *See Jernigan v. Langley,* 111 S.W.3d 153, 156–57 (Tex.2003) (applying doctrine of waiver with respect to right to dismissal of medical malpractice action based on claimant's failure to comply with mandatory expert report requirements of Medical liability and Insurance Improvement Act where de-

fendant's silence or inaction is inconsistent with intent to rely upon right to dismissal).

Waiver is an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. *Id.* at 156; *Palladian Bldg. Co. v. Nortex Found. Designs, Inc.,* 165 S.W.3d 430, 434 (Tex.App.-Fort Worth 2005, no pet.). Waiver becomes a question of law when the facts and circumstances are admitted or clearly established. *Jernigan,* 111 S.W.3d at 156; *Palladian Bldg.,* 165 S.W.3d at 434. Waiver is largely a matter of intent. *Jernigan,* 111 S.W.3d at 156; *Ustanik v. Nortex Found. Designs, Inc.,* 320 S.W.3d 409, 413 (Tex.App.-Waco 2010, pet. denied). Intent must be clearly demonstrated by the surrounding facts and circumstances for implied waiver to be found through a party's actions. *Ustanik,* 320 S.W.3d at 413 (citing *Jernigan,* 111 S.W.3d at 156). Waiver of a right cannot be found if the party against whom waiver is sought says or does nothing inconsistent with its intent to rely on such right. *Id.* (citing *Jernigan,* 111 S.W.3d at 156 and *Palladian Bldg.,* 165 S.W.3d at 434).

As the majority points out, participating in the litigation process or delaying pursuit of dismissal, without more, does not show intent to waive a right to dismissal under section 150.002. *See, e.g., Jernigan,* 111 S.W.3d at 157; *Ustanik,* 320 S.W.3d at 414; *DLB Architects, P.C. v. Weaver,* 305 S.W.3d 407, 411 (Tex.App.-Dallas 2010, pet. denied); *Landreth v. Las Brisas Council of Co–Owners, Inc.,* 285 S.W.3d 492, 500–01 (Tex.App.-Corpus Christi 2009, no pet.). Moreover, Crosstex acknowledges that the Certificate of Merit Statute does not include a deadline to file a motion to dismiss. *See* Tex. Civ. Prac. & Rem.Code Ann. § 150.002; *see also Ustanik,* 320 S.W.3d at 413 (observing that section 150.002 does not contain deadline to file motion to dismiss); *cf.* Tex. Civ. Prac. &

---

1. Tex. Civ. Prac. & Rem.Code Ann. § 150.002    (Vernon 2011).

REM.CODE ANN. § 74.351(a) (Vernon 2011) (establishing 21–day deadline to object to expert report in health care liability claim). Finally, the mere fact that a defendant waits to file a motion to dismiss pursuant to section 150.002 is not sufficient to establish waiver. *See Ustanik,* 320 S.W.3d at 413–14 (holding that delay of two years, five months to file motion to dismiss did not constitute waiver); *DLB Architects,* 305 S.W.3d at 411 (waiting more than one year to file dismissal motion did not manifest intent to waive); *see also Jernigan,* 111 S.W.3d at 157 (holding that physician who waited 600 days after receiving expert report to move for dismissal did not waive his right to pursue motion to dismiss under former version of health care liability statute). Here, however, the record clearly demonstrates Pro Plus's intentional conduct inconsistent with claiming the right to a certificate of merit. Such conduct supports a finding of waiver. *See Jernigan,* 111 S.W.3d at 156; *Palladian Bldg.,* 165 S.W.3d at 434.

Crosstex's cause of action arose from a natural gas fire that occurred when a gasket exploded at the Godley Station on November 15, 2008, causing significant property damage. Pro Plus, a registered engineering firm, had been the principal contractor for the construction of the Godley Station. Crosstex sued Pro Plus and another defendant for damages arising from the fire on April 14, 2010, well within the statute of limitations. In its Original Petition, Crosstex asserted causes of action against Pro Plus for general and specific negligence, negligent misrepresentation, breach of implied and express warranty, and breach of contract. It did not attach the certificate of merit statutorily required by section 150.002 for negligence claims against an engineering firm. Pro Plus filed its answer on May 28, 2010.

Pro Plus generally denied Crosstex's claims and asserted a number of affirmative defenses and special exceptions. Pro Plus thus acknowledged the gravity of the claims, and it clearly knew those claims alleged specific acts of professional negligence, to which it responded with a denial and affirmative defenses, yet it did not move to dismiss the claims. Instead, knowing that the deadline for the joinder of parties and the designation of expert witnesses was November 8, 2010—within the statute of limitations for Crosstex's negligence claims—Pro Plus signed a Rule 11 agreement with Crosstex and the other defendants. That agreement provided, inter alia, that Crosstex's deadline to designate its experts was extended to April 8, 2011, well outside the negligence statute of limitations. All parties consented to the agreement and filed it with the trial court on November 29, 2010, two weeks after the statute of limitations on negligence had run. Three days later, on December 2, 2010, Pro Plus filed its "Motion to Dismiss Plaintiff's Claims Under Chapter 150 of the Texas Civil Practice and Remedies Code" based on Crosstex's "failure to attach the statutorily required certificate of merit to its Original Petition." It sought dismissal of Crosstex's claims with prejudice.

The action of negotiating and signing a Rule 11 agreement postponing critical deadlines, including the designation of experts, from within the statute of limitations until six months after the expiration of limitations plainly signaled that Pro Plus did not intend to rely upon its right to dismiss Crosstex's claims for lack of a certificate merit. Rather, it expressed its intent to participate in the litigation process and to designate experts in accordance with its sworn agreement. This behavior was plainly inconsistent both with Pro Plus's assertion of its right to dismissal and with Pro Plus's simultaneously preparing a motion to dismiss for filing three days after the filing of the Rule 11 agree-

ment and two weeks after the running of limitations. *See Jernigan,* 111 S.W.3d at 156; *Palladian Bldg.,* 165 S.W.3d at 434. Therefore, this case is distinguishable from those cases in which the defendant did nothing inconsistent with its right to seek dismissal.[2] *See Ustanik,* 320 S.W.3d at 413–14; *DLB Architects,* 305 S.W.3d at 411; *Landreth,* 285 S.W.3d at 500–01.

Moreover, Pro Plus's action in entering the Rule 11 agreement extending deadlines and delaying filing its motion to dismiss with prejudice until the statute of limitations had run had the additional consequence of increasing the harshness of the statute beyond the express intent of the Legislature. Under section 150.002, dismissal of claims by the trial court is mandatory if the plaintiff fails to file a certificate of merit with its original petition. TEX. CIV. PRAC. & REM.CODE ANN. § 150.002(e). However, dismissal with prejudice is discretionary. *Id.* (providing, "This dismissal *may* be with prejudice") (emphasis added). Thus, by its plain language, section 150.002 contemplates the trial court's having discretion to permit the refilling of claims erroneously filed without a certificate of merit when it deems the case meritorious. Pro Plus's action in engaging in the litigation to the point of entering a Rule 11 agreement extending the deadline for filing of expert reports while preparing a motion to dismiss for

filing three days later-two weeks after the running of the statute of limitations on Crosstex's negligence claims—had the effect of denying Pro Plus any opportunity to refile its time-barred claims, thus rendering the statute more severe than plainly intended by the Legislature.

## Conclusion

I would hold that Pro Plus knowingly and voluntarily waived its right to a certificate of merit. Accordingly, I would affirm the judgment of the trial court.

---

**2.** In *Palladian,* in its analysis of whether the defendant waived its right to seek a dismissal under section 150.002, the court of appeals noted that parties have been held to have waived their right to compel arbitration by substantially invoking the judicial process. *Palladian Bldg. Co. v. Nortex Found. Designs, Inc.,* 165 S.W.3d 430, 434 & n. 8 (Tex.App.-Fort Worth 2005, no pet.) (citing *In re Bruce Terminix Co.,* 988 S.W.2d 702 (Tex.1998) (orig. proceeding); *In re Winter Park Constr., Inc.,* 30 S.W.3d 576 (Tex.App.-Texarkana 2000, orig. proceeding); *EZ Pawn Corp. v. Gonzalez,* 921 S.W.2d 320 (Tex.App.-Corpus Christi 1996, writ denied); and *Marble Slab* *Creamery, Inc. v. Wesic, Inc.,* 823 S.W.2d 436 (Tex.App.-Houston [14th Dist.] 1992, no writ)). It held that the plaintiff in that case had failed to provide documentation in the record that the defendant had, in fact, substantially participated in the litigation process; but it did not reject the applicability of the doctrine of waiver by substantial participation in the litigation process to cases alleging waiver of the right to a certificate of merit. *Id.* at 434–35. Here, Pro Plus's signing of the Rule 11 agreement clearly shows substantial participation by Pro Plus in the litigation process.