

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-10-00025-CV**

CAPITAL ONE, NATIONAL APPELLANT
ASSOCIATION

V.

CARTER & BURGESS, INC. APPELLEE

------------

FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY

------------

# OPINION

------------

## I. INTRODUCTION

In two issues, Appellant Capital One, National Association (CONA) appeals the trial court's order granting Appellee Carter & Burgess, Inc.'s (C&B) motion to dismiss for failure to file a civil practice and remedies code section 150.002 certificate of merit. We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

CONA filed its original petition against C&B and New America Georgetown, LLC in July 2009. CONA alleged that it had entered into a lease agreement with New America for CONA to construct a bank branch on a piece of property located in Georgetown and that C&B had entered into a "Professional Services Agreement" with CONA's architect, Levinson & Associates, "to provide professional engineering and surveying services for [CONA] in connection with [CONA's] development of" the property. Because the lease agreement obligated New America to bring water, sanitary sewer, and storm sewer lines to the boundary of the property, New America was responsible for acquiring five wastewater easements from neighboring properties. According to CONA, although New America ultimately obtained only four of the five wastewater easements, it informed C&B that it had acquired all five easements, and Chris Weigand, a "C&B representative," represented to CONA that all five easements had been obtained. Relying on New America's and Weigand's alleged misrepresentations regarding the acquisition of the fifth easement, CONA allowed the period during which it had the right to terminate the lease agreement to expire and signed a "Tenant Estoppel Certificate" in favor of the subsequent owner of the property, the Williams Family Trust. CONA alleged that it terminated the lease agreement after learning that only four of the five easements had been obtained, and arbitration apparently ensued between CONA and the Trust.

2

CONA alleged claims in its first amended petition against C&B for negligent misrepresentation, statutory fraud, and aiding and abetting fraud. C&B filed a motion to dismiss CONA's suit pursuant to civil practice and remedies code section 150.002(a), arguing that each of CONA's claims should be dismissed because it was required but failed to file a certificate of merit. After the case was transferred from Travis County to Tarrant County, the trial court granted C&B's motion to dismiss and later denied CONA's motion for new trial and motion for reconsideration. This appeal followed.

## III. STANDARD OF REVIEW

We review a trial court's ruling on a motion to dismiss a case for failure to comply with section 150.002 for an abuse of discretion. *TDIndustries, Inc. v. Citicorp N. Am., Inc.*, No. 02-10-00030-CV, 2011 WL 1331501, at *2 (Tex. App.—Fort Worth Apr. 7, 2011, no pet. h.); *Curtis & Windham Architects, Inc. v. Williams*, 315 S.W.3d 102, 106 (Tex. App.—Houston [1st Dist.] 2010, no pet.). A trial court abuses its discretion when its ruling is arbitrary, unreasonable, or without reference to any guiding rules or legal principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159 (1986).

If resolution of the issue requires us to construe statutory language, we review using a de novo standard. *Palladian Bldg. Co., Inc. v. Nortex Foundation Designs, Inc.*, 165 S.W.3d 430, 436 (Tex. App.—Fort Worth 2005, no pet.). In construing a statute, our primary objective is to determine and give effect to the

3

legislature's intent. *Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002). Once we determine the proper construction of the statute, we determine whether the trial court abused its discretion in the manner in which it applied the statute to the instant case. *Palladian Bldg. Co.*, 165 S.W.3d at 436.

## IV. CERTIFICATE OF MERIT

Both CONA and C&B agree that the versions of sections 150.001 and 150.002 as amended in 2005 apply to the issues presented in this appeal. Former section 150.002(a) stated in relevant part as follows:

> (a) In any action . . . for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party . . . licensed professional engineer competent to testify, . . . which affidavit shall set forth specifically at least one negligent act, error, or omission claimed to exist and the factual basis for each such claim.

*See* Act of May 12, 2005, 79th Leg., R.S., ch. 189, § 2, 2005 Tex. Gen. Laws 348, 348 *and* Act of May 18, 2005, 79th Leg., R.S., ch. 208, § 2, 2005 Tex. Gen. Laws 369, 370 (amended 2009) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a) (Vernon 2011)). Former section 150.001(1) defined "licensed or registered professional," stating in relevant part that a "'[l]icensed or registered professional' means a . . . licensed professional engineer, or any firm in which such licensed professional practices . . . ." *See* Act of May 12, 2005, 79th Leg., R.S., ch. 189, § 1, 2005 Tex. Gen. Laws 348, 348 *and* Act of May 18, 2005, 79th Leg., R.S., ch. 208, § 2, 2005 Tex. Gen. Laws 369, 370 (amended 2009) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 150.001(1) (Vernon 2011)).

Section 150.002's certificate of merit requirement is compulsory; the statute mandates dismissal of any claims for which a certificate is required but not produced. *TDIndustries*, 2011 WL 1331501, at *3.

To guide our determination whether an action for damages arises "out of the provision of professional services by a licensed [professional engineer]," both CONA and C&B direct us to the occupations code's definition of the "practice of engineering." *See id.* (citing occupations code); *Ashkar Eng'g Corp. v. Gulf Chem. & Metallurgical Corp.*, No. 01-09-00855-CV, 2010 WL 376076, at *9 (Tex. App.—Houston [1st Dist.] Feb. 4, 2010, no pet.) (mem. op.) (same). The occupations code defines the "practice of engineering" as "the performance of . . . any public or private service or creative work, the adequate performance of which requires engineering education, training, and experience in applying special knowledge or judgment of the mathematical, physical, or engineering sciences to that service or creative work." Tex. Occ. Code Ann. § 1001.003(b) (Vernon Supp. 2010). The "practice of engineering" includes "any other professional service necessary for the planning, progress, or completion of an engineering service." *Id.* § 1001.003(c)(12).

## V. PROFESSIONAL SERVICES AND LICENSED ENGINEER

In its first issue, CONA argues that the trial court abused its discretion by granting C&B's motion to dismiss because the negligent misrepresentations of which CONA complains—"[d]iscussions surrounding a land easement and recording the same in the real property records" or the "misrepresentation of

5

facts surrounding the procurement of the five easements"—(1) do not arise out of the provision of C&B's professional services and (2) were performed by an unlicensed intern, not a licensed professional engineer.

CONA does not dispute that C&B entered into an agreement with CONA's architect to provide professional engineering services in connection with CONA's development of the property, nor is there any indication in the record that C&B had any duties or responsibilities in addition to those outlined in its agreement with CONA's architect. The professional services agreement states that the "scope of [C&B's] services" is "[a]s described in attached scope letter." The attached letter identifies the following "professional engineering and surveying services" to be performed by C&B: "Surveys," "Preliminary Plat," "Final Plat," "Construction Documents,"[1] and "Construction Phase Services." As C&B points out, the only reason that CONA would have to rely upon Weigand's alleged false representations regarding the procurement of all five easements was because the statements were made as part of C&B's performing a professional service necessary for the planning, progress, or completion of C&B's engineering services—an activity that expressly constitutes "the practice of engineering" under the occupations code. *See id.* Accordingly, we hold that the trial court did not abuse its discretion by concluding that CONA's claim against C&B for

---

[1]This includes "Erosion and Sedimentation Control Plans," "Grading and Drainage Plans," "Utility Plans," "Landscape Plans," a "Site Plan/Dimensional Control Plan," a "Traffic Control Plan," a "Site Lighting Plan," and "Construction details."

negligent misrepresentation is one for damages arising out of the provision of professional services, as contemplated by civil practice and remedies code section 150.002(a). We overrule this part of CONA's first issue.

CONA further argues that it did not have to file a certificate of merit because Weigand was not a "licensed or registered professional" as defined by section 150.001(1). The record demonstrates that CONA sued C&B but did not sue Weigand, C&B's unlicensed intern. CONA thus seeks to hold *C&B* responsible for Weigand's alleged misrepresentations made in the course and scope of his employment with C&B. Therefore, CONA cannot seek to impose liability upon C&B—a firm indisputably hired to provide professional engineering services—for a tort allegedly committed by Weigand but also successfully argue that the misrepresentation claim against C&B does not implicate section 150.002(a)'s requirement that professional services be provided by a "licensed or registered professional" because the claim is premised upon Weigand's actions. We cannot conclude that the legislature intended for section 150.002(a) to be circumvented in such a way. Accordingly, we hold that the trial court did not abuse its discretion by concluding that the acts of which CONA complains were performed by a licensed or registered professional. We overrule the remainder of CONA's first issue.

## VI. STATUTORY FRAUD AND AIDING AND ABETTING FRAUD

In its second issue, CONA argues that even if section 150.002 applies to its negligent misrepresentation claim, the trial court abused its discretion by

7

dismissing CONA's claims for statutory fraud and aiding and abetting fraud because a certificate of merit is not required for non-negligence causes of actions against a licensed professional engineer. This court has previously held that the version of section 150.002(a) in effect before its 2009 amendment does not apply in a suit other than one for negligence arising out of the provision of professional services, and we decline to revisit that holding here.[2] *See Parker Cnty. Veterinary Clinic, Inc. v. GSBS Batenhorst, Inc.*, No. 02-08-00380-CV, 2009 WL 3938051, at *3 (Tex. App.—Fort Worth Nov. 19, 2009, no pet.) (mem. op.); *see also Curtis & Windham Architects, Inc.*, 315 S.W.3d at 108 (holding same); *Kniestedt v. Sw. Sound and Elect., Inc.*, 281 S.W.3d 452, 455 (Tex. App.—San Antonio 2007, no pet.) (same). Therefore, we agree with CONA that a certificate of merit is not required for its statutory fraud and aiding and abetting fraud claims to the extent that those are claims other than ones for negligence. *See Parker Cnty.*, 2009 WL 3938051, at *3. C&B disputes that CONA's fraud-related claims are non-negligence claims, arguing that "the essence of [CONA]'s claims [is] that it was injured by a lapse in professional judgment, which is akin to a negligence claim regardless of the nomenclature used to describe the claims," and that

---

[2]C&B attempts to distinguish *Parker County* from this case, arguing that the holding in that case was limited to "claims for breach of contract." We did not so hold. We held that section 150.002(a) "does not apply in a suit *other than one for negligence* arising out of the provision of professional services." *Parker Cnty.*, 2009 WL 3938051, at *3 (emphasis added). A suit "other than one for negligence" includes, but is certainly not limited to, a claim for breach of contract.

CONA's claims "are nothing more than artfully plead claims of negligent misrepresentation." We agree with C&B.

We are not bound by the labels used by CONA. *Id.* We look to CONA's pleadings to determine if its statutory fraud and aiding and abetting fraud claims are in fact non-negligence claims. *Id.*; *see Ashkar Eng'g Corp.*, 2010 WL 376076, at *8–10.

The basis of CONA's claim against C&B for negligent misrepresentation is that it suffered injury proximately caused by C&B's false representation that all five wastewater easements had been obtained and delivered for recording. CONA alleged as part of that claim that the misrepresentation "was supplied for the guidance of [CONA]." Regarding CONA's statutory fraud claim, it alleged that C&B made a false statement of fact that was made for the purpose of inducing CONA to enter into a contract and that CONA relied on the false representation, incurring an injury. Regarding CONA's aiding and abetting fraud claim, CONA alleged that C&B provided substantial assistance to New America in accomplishing the fraud by misrepresenting that all five wastewater easements had been signed and recorded.

Considering CONA's claims and factual allegations against C&B, it is evident that CONA is complaining only of an injury that was caused by C&B's alleged false representation about procuring all five wastewater easements and that the allegations underlying CONA's negligent misrepresentation, statutory fraud, and aiding and abetting fraud claims all implicate the same negligence-

9

based conduct. Therefore, although labeled as non-negligence claims, CONA's claims for statutory fraud and aiding and abetting fraud are not claims other than ones for negligence. Instead, they are recharacterized claims for negligence arising out of the provision of professional services by a licensed or registered professional and, thus, are subject to civil practice and remedies code section 150.002's certificate of merit requirement. *Compare CH2M Hill Trigon, Inc. v. J7 Contractors, Inc.*, No. 10-10-00058-CV, 2010 WL 3619898, at *7–9 (Tex. App.—Waco Sept. 15, 2010, no pet.) (mem. op.) (holding that claims of tortious interference and fraud constituted claims of professional negligence and, thus, required certificate of merit because underlying complaint was that appellee was injured by appellant's failing to disclose information and providing inaccurate information) *with Curtis*, 315 S.W.3d at 107–08 (holding that claims of breach of fiduciary duty, fraud, deceptive trade practices, and unjust enrichment did not require certificate of merit because gist of claims was that appellant had engaged in pervasive and systemic overbilling) *and Parker Cnty.*, 2009 WL 3938051, at *3 (holding that trial court erred by dismissing breach of contract claim because appellee made promises to perform specific acts in contract, the breach of which would give rise to a breach of contract action). Accordingly, we hold that the trial court did not abuse its discretion by dismissing CONA's claims for statutory fraud and aiding and abetting fraud. We overrule CONA's second issue.

## VII. CONCLUSION

Having overruled CONA's two issues, we affirm the trial court's order granting C&B's motion to dismiss.


BILL MEIER
JUSTICE

PANEL:  GARDNER, MEIER, and GABRIEL, JJ.

DELIVERED:  May 19, 2011