# CONCURRING OPINION

No. 04-10-00785-CV

Roland **HARDY** d/b/a Hardy & Associates,
Appellant

v.

Carol **MATTER** and Frank Matter,
Appellees

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-18502
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:    Karen Angelini, Justice
Concurring Opinion by:  Steven C. Hilbig, Justice

Sitting:       Karen Angelini, Justice
               Phylis J. Speedlin, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:  July 20, 2011

I concur in the judgment because the trial court did not abuse its discretion in denying the motion to dismiss. I write separately because I disagree with the majority's interpretation of the legal requirements for the "certificate of merit" that must be filed contemporaneously with a lawsuit against certain licensed or registered professionals. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002.[1] I believe the statute is not ambiguous and clearly requires the certificate or affidavit include the affiant's licensure, area of practice, and competency to testify.

---

[1] The Legislature amended Section 150.002, effective September 1, 2009. *See* Act of June 2, 2009, 81st Leg., R.S., ch. 789, §§ 3-4, Tex. Gen. Laws 1990-92 (effective Sept. 1, 2009). The citations in this opinion are to the version of the statute in effect before the 2009 amendments because Matters suit was filed before September 1, 2009. *See* Act of May 12, 2005, 79th Leg., R.S., ch. 189, § 12, 2005 Tex. Gen. Laws 348 and Act of May 18, 2005, 79th Leg., R.S., ch. 208, § 150.002, 2005 Tex. Gen. Laws 369, 369-70 (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 150.002 (West 2011)).

Statutory construction is a question of law. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). We construe statutory language to ascertain and give effect to the Legislature's intent. *Id.* "[W]e construe the statute's words according to their plain and common meaning, unless a contrary intention is apparent from the context, or unless such a construction leads to absurd results." *Id.* at 625-26 (citations omitted). Every word included in a statute must be presumed to have been used for a purpose and every word excluded for a purpose. *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 659 (Tex. 1995); *Cameron v. Terrell and Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981). The statute must be read as a whole and we interpret it to give effect to every part. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25-26 (Tex. 2003). We cannot adopt a construction that renders any statutory provision meaningless. *Fleming Foods of Tex., Inc,. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999).

As quoted in the majority opinion, Section 150.002 states:

> In any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party licensed architect, registered professional land surveyor, or licensed professional engineer competent to testify, holding the same professional license as, and practicing in the same area of practice as the defendant, which *affidavit shall set forth specifically at least one negligent act, error, or omission claimed to exist and the factual basis for each claim.* The third-party professional engineer, registered professional land surveyor, or licensed architect shall be licensed in this state and actively engaged in the practice of architecture, surveying, or engineering.

Majority opinion, at *5 (emphasis in the opinion). The majority apparently reasons the only items required to be in the affidavit are those that follow the words "which affidavit shall set forth." Majority opinion, at *6. If this were true, then the affidavit need not include any other information required by the statute – the affiant must be licensed, holding the same professional license as the defendant, practicing the same area as the defendant, licensed in the State of Texas,

and actively engaged in the practice of architecture, surveying, or engineering. This interpretation fails to give full effect to all the words in the statute as required by law and discussed above. *City of San Antonio*, 111 S.W.3d at 25-26. This interpretation also would lead to an absurd result in that the affidavit must contain information about the negligent act, but not contain any information where one could judge the competency of the affiant to render his opinion. This result would not further the statute's apparent goal of weeding out frivolous lawsuits at an early stage.[2] At least one other court that has considered this issue has also concluded the certificate of merit must demonstrate the affiant practices in the same area as the defendant. *See Landreth v. Las Brisas Council of Co-Owners, Inc.*, 285 S.W.3d 492, 500 (Tex. App.—Corpus Christi 2009, no pet.).

Once the statute is properly construed, the appellate court must determine whether the trial court abused its discretion in the manner in which it applied the statute. *Capital One v. Carter & Burgess, Inc.*, 02-10-00025-CV, 2011 WL 1901997 (Tex. App.—Fort Worth May 19, 2011, no pet.); *Curtis & Windham Architects, Inc. v. Williams*, 315 S.W.3d 102, 106 (Tex. App.—Houston [1st Dist.] 2010, no pet.). A trial court abuses its discretion when its ruling is arbitrary, unreasonable, or without reference to any guiding rules or legal principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159 (1986).

In his second amended motion to dismiss, Hardy complained that the affidavit failed to state that the affiant practiced in the same area of practice as Hardy (preparation of builder's

---

[2] I was unable to find any legislative history relating to the "certificate of merit" when the statute was originally enacted in 2003 as part of HB 4 during the 78th regular legislative session. However, when the statute was amended in 2005, the bill analysis included the following statement of the author's/sponsor's intent: "During the 78th Legislature, Regular Session, 2003, legislation was passed protecting engineers and architects from frivolous lawsuits. The protection comes from requiring another professionally licensed engineer or architect to act as a third party, offering a professional opinion about alleged damages caused by the original engineer or architect."

plans) or that the affiant was actively engaged in the architectural practice.  The certificate of

merit stated:

> My name is Lance Tatum.  I am over the age of 21, of sound mind, capable of making this Affidavit, and fully competent to testify as to the matters stated herein.  I have personal knowledge of each of the matters stated in this affidavit, and they are true and correct.  Such personal knowledge has come from my research into the facts of this case.
>
> I am a duly licensed Registered Architect in the State of Texas.
>
> Through my research into the facts of the above-styled and numbered cause, including a review of the drafted house plans and an expert report by J. Wall Consulting, dated November 12, 2007, it is my professional opinion that the firm of Hardy & Associates, and Roland J. Hardy individually, did not exercise ordinary prudence of a Registered Architect in the State of Texas.
>
> The architectural drawings I have reviewed include a foundation diagram, first and second level floor plans, elevations, sections, roof plan, details for cabinetry and first and second level electrical plans, all with corresponding notes. Whereas, although the drawings demonstrate a general competency of architectural drawing standards, they are not specific regarding details of assembly of the exterior wall systems, moisture barriers and waterproofing.
>
> The subject residence has sustained water penetration of the exterior walls and substantial water damage to the structure and interior walls, resulting from improper construction procedures.  Evidence of deterioration of the building is described in the document prepared by J. Wall Consulting, specifically page 2- Site Observations and page 3-Discussion and Recommendations, and photographs 3, 4, 5, 6, 7, 8, 9, and 10, all pertaining to improper installation of the correct and necessary components of the exterior wall systems involving conventional balloon framing with exterior stucco and interior gyp board.
>
> Paragraph No. 5 – Exterior Walls in the document, "Description of Materials" attached to the set of prints of architectural drawings, outlines "2 x 4 & 2 x 6 studs to be installed at 16" O.C. (on center) with 15# Felt."  However, there is not a drawing on the plans I reviewed that describes the assembly and proper location of those materials.  Additionally, there is not a drawing of an important and typical wall section, typically drawn at a sufficiently large scale, $\frac{1}{2}''=1'-0''$ or larger, identifying all of the components of the exterior walls and their sequence in the construction process.  Neither is there a completion of the spaces for information outlined in Paragraph No. 5, regarding water proofing, moisture barriers, and recommended sealing of the stucco walls.

Further, the notation in paragraph No. 5-Exterior Walls of the document "Description of Materials" for use of 15# Felt is unclear as to whether the 15# Felt was intended for use as a moisture barrier between the floor plate of the stud wall and the concrete slab or as a waterproofing barrier applied to the sheathing (OSB). There should have been a detail drawing of that installation or a written note on the first and second level plan drawings describing the intended use of the material. However, no such drawings or notes were included in the documents I reviewed.

Since the document "Description of Materials" bears no signature denoting the preparer, it was not possible to determine whether that document was prepared by the architect; notwithstanding this, the architect should have reviewed the document and noted the lack of information and pursued some course of action as a result.

Based upon the document prepared by J. Wall Consulting, it can be concluded that there was a serious omission of a vapor barrier and waterproofing technology, as evidenced by the photos in the J. Wall Consulting document. The water damage to the residence should not have occurred with installation of a proper sequence of exterior wall components and proper sealing of the stucco on the exterior wall.

Professional conduct requires that an architect who prepares the drawings should be able to observe the construction process and, if any improper construction procedure is determined to have been followed, or if any building code violations have been discovered, such conditions should be immediately addressed, reported to proper jurisdictional authorities and/or the construction process stopped until said conditions are corrected.

By failing to provide detailed instructions regarding the water proofing, moisture barriers and recommended sealing of the stucco walls, by failing to take any course of action with respect to these architectural implementation issues, and by failing to observe the construction process as it occurred and identify the improper construction procedures that were occurring, Hardy & Associates, and Roland J. Hardy individually, failed to exercise ordinary prudence in the practice of architecture design, planning, and implementation in the State of Texas.

I believe the affidavit could be interpreted as including information demonstrating the affiant is "competent to testify, holding the same professional license as, and practicing in the same area of practice as the defendant," and thus complying with section 150.002. TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a). The court in *Landreth* also recognized that a court could look to the content of the affidavit even though the affiant did not plainly state he practiced

in the same area as the defendant. *Landreth*, 285 S.W.3d at 499; *see also Benchmark Eng'g Corp. v. Sam Houston Race Park*, 316 S.W.3d 41 (Tex. App.—Houston [14th Dist.] 2010)(judgment vac. and remanded by agreement)(trial court can look to content of affidavit and resume when affidavit does not contain specific statement regarding affiant's engineering practice areas).

In his affidavit, Tatum states he is a licensed architect. Although he did not state he was practicing in the same area as the Hardy, the basis of the complaint centers upon the drafting of architectural drawings. It would be logical to presume absent evidence to the contrary, the creation of architectural drawings is within the area of practice of an architect. Furthermore, in the affidavit, Tatum references a purported standard practice when creating architectural drawings. For example, Tatum asserts in the third paragraph that the drawings were not "specific regarding details of assembly of the exterior wall systems, moisture barriers and waterproofing," implying architectural drawings should contain this feature. In the fifth paragraph, Tatum notes the failure to include a detailed drawing of the wall assembly, something he notes is "typically" included. In the sixth paragraph, Tatum notes that there should have been a detailed drawing of the installation of the felt and what purpose it was to serve. A trial court could read these statements and reasonably conclude the affiant practiced in the same area as the defendant, as required by the statute. Obviously, the better practice would be to directly and more completely address these items in the affidavit, but the issue here is whether the trial court abused its discretion in denying the motion to dismiss. I find the trial court did not abuse its discretion because a fair reading of the certificate of merit could allow the trial court to conclude Mr. Tatum is practicing in the same area as the defendant.

With these comments, I concur in the judgment.

Steven C. Hilbig, Justice