

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00255-CV

———————————————

FAI ENGINEERS, INC., Appellant

V.

JAMES SHANNON LOGAN, Appellee

On Appeal from the 352nd District Court
Tarrant County, Texas
Trial Court No. 352-316382-20

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Bassel
Justice Womack concurs without opinion.

# MEMORANDUM OPINION

## I. Introduction

This is an accelerated interlocutory appeal from the denial of a motion to dismiss filed pursuant to Texas Civil Practice and Remedies Code Section 150.002. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(f). In a single issue, Appellant FAI Engineers, Inc. challenges the trial court's order denying its motion to dismiss, arguing that Appellee James Shannon Logan failed to file a certificate of merit with his original petition. Because the only evidence that FAI presented to show that it had a licensed engineer on staff consisted of a nonworking hyperlink to a website that allegedly showed that it had received a registration certificate from the Texas Board of Professional Engineers and Land Surveyors in 2000, we hold that the trial court did not abuse its discretion by denying FAI's motion to dismiss. Accordingly, we affirm.

## II. Background

Logan's original petition states that he "had been hired by Defendant Fort Construction and/or Defendant FAI to work on various projects and [to] inspect all of the electrical" at Burleson Animal Emergency Hospital. In June 2018, he went to Burleson Animal Emergency Hospital and "relied on the Architect's drawings that showed an electrical box on the inside of the building. When [Logan] arrived, the main electrical box [was] located outside the building."

Logan opened the first door on the electrical box panel and "was instantly shocked by an electrical current" when he touched his knuckle to the second door of the electrical

2

box panel. Logan fell backwards into uneven landscaping boulders and "experienced pain immediately in his lower back, right leg, right hip[,] and in his right groin area."

Logan sued FAI; Andrews Veterinary Services, PLLC, and/or Andrews Veterinary Hospital Group, LLC, d/b/a Burleson Animal Emergency Hospital; Fort Construction, L.P.; and WDS Electric, Inc. for the personal injuries that he sustained when he touched the door of the electrical box panel. Logan alleged that FAI was negligent in "1) Designing and installing the electrical box; 2) Inspecting the electrical box; 3) Hiring Defendant WDS; 4) Not following or altering the architectural plans; and 5) Failing to provide up to date or current plan[]s to Plaintiff."

FAI filed a motion to dismiss under Section 150.002 of the Texas Civil Practice and Remedies Code arguing that Logan's claims against FAI should be dismissed because Logan had failed to contemporaneously file with his original petition a certificate of merit from a licensed professional engineer setting forth the negligence, if any, or other action, error, or omission of FAI. Logan filed a response arguing that "[t]here is no evidence [that FAI] had any licensed professional persons on staff at the time of the occurrence."

At the hearing on FAI's motion to dismiss, the parties' arguments, as well as the trial court's concerns, were expressed as follows:

> [FAI'S COUNSEL]: [In the motion to dismiss, we] gave you a link to the Texas state agency that governs the practice of professional engineers in the state of Texas. If you go to the hyperlink and you look up my client, you will see they are a registered professional engineering

firm. They didn't sue an individual. They sued a corporation. That corporation is registered as a profession[al] engineering entity.

The case law that we provided you says if you sue an engineering entity or the individual engineers, either way, you still have to provide a certificate of merit. The case law on this is pretty clear, Judge, pretty straightforward. They've sued an engineering firm, which qualifies under the statute. They did not file a certificate of merit; and therefore, their claim should be dismissed against my client.

[LOGAN'S COUNSEL]: Your Honor, my response to that is [in] each of the case[s] that [FAI] has proffered, . . . the firm or the company that was sued had a professional engineer or some other licensed or registered professional on staff at the time. In this case, FAI Engineering, the only thing that has engineering is the name. And the fact that they were registered with the State in violation of any requirements with the State does not avail them of the protection under the face of the statute, which does not say that a business entity can itself be considered a licensed or registered professional. Only a business entity that has a licensed or registered professional on staff can avail themselves of protection. It's as simple as that.

THE COURT: And I'll confess, I didn't go to the hyperlink, and while I'm clicking on it now, it's not working for me. . . . [FAI'S Counsel], is that the company is registered as an engineering company?

[FAI'S COUNSEL]: That is correct, Your Honor. You can register engineers and you can also register the company. And if you go to -- the link there is the Texas gov link. If you put in FAI Engineers, who is who the plaintiff has sued in this matter, and you search, you will find that they have a registration number: Registration Firm No. 298, certified June 16, 2000. Because they are a registered firm, any action against them has to comply with 150. And that is pursuant to the statute itself.

THE COURT: [Logan's counsel], I'm looking at 150.001(c) . . . which includes as licensed or registered professional any firm in which the license or registered professional practices. So how would that not apply here?

[LOGAN'S COUNSEL]: They haven't offered any evidence that they had a licensed or registered professional practicing with the firm.

4

In fact, it is our belief and evidence that they did not and, in fact, were reported to the State for that.

[FAI'S COUNSEL]: Your Honor, in rebut, I would say there is no requirement under the statute that we do that. The statute is very simple on its face. If you sue a registered engineering firm, you have to have a certificate of merit.

THE COURT: Well, I think we have to dance more on the head of the pin because if I'm looking at 150.001(c), in order for you to get that protection of a licensed or registered professional, it's got to be any firm in which such licensed or registered professional practices. What evidence is there before me that that exists?

[FAI'S COUNSEL]: Your Honor, the hyperlink itself shows that it is a registered engineering firm. We are registered with the State of Texas, my client is, and that's who's been sued.

The trial court stated that if it denied the motion without prejudice, FAI could refile and bring in a witness to testify regarding whether FAI had a professional engineer on staff at the time of the occurrence. The trial court specifically asked FAI's counsel if he could do that, and he replied, "I believe so, Your Honor."

The trial court denied the motion.[1] Instead of refiling its motion to dismiss, FAI filed this appeal.

### III. No Abuse of Discretion Shown

In its sole issue, FAI challenges the trial court's order denying the motion to dismiss. FAI contends that it is a "registered professional" and that it provided "proof

---

[1]Although the written order does not state that the denial is "without prejudice," it is presumed to be without prejudice. *Cf. In re Hughes*, 770 S.W.2d 635, 637 (Tex. App.—Houston [1st Dist.] 1989, no writ) ("Where an order does not state that the case is dismissed with prejudice, it is presumed that the dismissal is without prejudice.").

of such" to the trial court. As explained below, FAI's "proof" in its motion consisted of a nonworking hyperlink to the Texas Board of Professional Engineers' website; even if the hyperlink had worked, FAI could not put the burden on the trial court to go to a website to obtain evidence, nor did such "proof"—that FAI was possibly registered with the Texas Board of Professional Engineers—constitute evidence that a licensed or registered professional practiced within FAI at the time of the occurrence at issue.

## A. Standard of Review

The Dallas Court of Appeals summarized the applicable standard of review as follows:

> An order denying a motion to dismiss pursuant to Chapter 150 is appealable as an interlocutory order and is reviewed for an abuse of discretion. Tex. Civ. Prac. & Rem. Code Ann. § 150.002(f); *Morrison Seifert Murphy, Inc. v. Zion*, 38[4] S.W.3d 421, 424 (Tex. App.—Dallas 2012, no pet.). An abuse of discretion occurs where the trial court acts in an unreasonable or arbitrary manner or without reference to any guiding rules or principles. *Morrison Seifert Murphy, Inc.*, 38[4] S.W.3d at 424 (citing *Belvedere Condos. at State Thomas, Inc. v. Meeks Design Grp., Inc.*, 329 S.W.3d 219, 220 (Tex. App.—Dallas 2010, no pet.)). "[T]he party that complains of abuse of discretion has the burden to bring forth a record showing such abuse." *Simon v. York Crane & Rigging Co.*[], 739 S.W.2d 793, 795 (Tex. 1987); *see also Hartman Income Reit PPTY Holdings, LLC v. Dallas Cent. Appraisal Dist.*, No. 07-11-00079-CV, 2012 WL 5231854[, at *1] (Tex. App.—Amarillo Oct. 23, 2012, pet. denied) [(mem. op.)] ("[B]urden lies with the appellant to establish that an abuse of discretion occurred.").

*TDIndus., Inc. v. My Three Sons, Ltd.*, No. 05-13-00861-CV, 2014 WL 1022453, at *2 (Tex. App.—Dallas Feb. 14, 2014, no pet.) (mem. op.).

6

**B.    Applicable Law**

Texas Civil Practice and Remedies Code Section 150.002 governs certificates of

merit:

(a) In any action or arbitration proceeding for damages arising out of the provision of professional services *by a licensed or registered professional*, a claimant shall be required to file with the complaint an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor who:

(1) is competent to testify;

(2) holds the same professional license or registration as the defendant; and

(3) practices in the area of practice of the defendant and offers testimony based on the person's:

(A) knowledge;

(B) skill;

(C) experience;

(D) education;

(E) training; and

(F) practice.

(b) The affidavit shall set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission *of the licensed or registered professional* in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim. The third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor shall be licensed or registered in

7

this state and actively engaged in the practice of architecture, engineering, or surveying.

Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a)–(b) (emphases added). A "licensed or registered professional" means "a licensed architect, licensed professional engineer, registered professional land surveyor, registered landscape architect, or *any firm in which such licensed or registered professional practices*, including but not limited to a corporation, professional corporation, limited liability corporation, partnership, limited liability partnership, sole proprietorship, joint venture, or any other business entity." *Id.* § 150.001(1–c) (emphasis added).

## C.     Analysis

As set forth above, a certificate of merit is needed in an action for damages only when such action arises "out of the provision of professional services *by a licensed or registered professional*," and a "licensed or registered professional" is defined as a licensed professional engineer or any firm in which such licensed or registered professional practices. *Id.* §§ 150.001(1–c), 150.002(a) (emphasis added). FAI's sole "proof" that it employed a licensed professional engineer at the time of the occurrence involved in the suit consisted of a nonworking hyperlink to the Texas Board of Professional Engineers' website. FAI claimed that the website showed that FAI was registered with the Board in 2000. FAI did not attach an affidavit or any other evidence showing that it employed a licensed professional engineer at the time of the occurrence. Instead, FAI put the burden on the trial court to search for its

8

name on a website listing registered engineering firms. The trial court, however, was not under any duty to go look for FAI's evidence; the burden of proof remained with FAI to demonstrate that Logan's suit met the requisites of Section 150.002(a) such that he was required to file a certificate of merit with his original petition.

FAI relies on *Carter & Burgess v. Sardari*, 355 S.W.3d 804, 811 (Tex. App.—Houston [1st Dist.] 2011, no pet.), and *Capital One v. Carter & Burgess, Inc.*, 344 S.W.3d 477, 481 (Tex. App.—Fort Worth 2011, no pet.), to argue that as long as "the services provided are professional in nature, a [c]ertificate of [m]erit is required regardless of whether a licensed individual engineer is a party or performed the work." Both cases address issues different from the one before us. In *Sardari*, the issue was whether the plaintiff's claims were directed at a licensed professional's negligence or that of an unlicensed employee of the company. 355 S.W.3d at 811. In *Capital One*, the issue was whether work provided by an unlicensed intern defeated Section 150.002 where the record showed that the company in question was "indisputably hired to provide professional engineering services" and that such services were performed by engineers or licensed professionals employed by the company. 344 S.W.3d at 481. Neither case addresses the issue before us of whether FAI employed a licensed professional engineer at the time of the occurrence at issue; thus, both cases are distinguishable and do not guide the outcome of this case.

Moreover, even if the hyperlink had worked, proof of an engineering firm's registration with the Texas Board of Professional Engineers is not evidence that a

licensed or registered professional practices within that firm. *See CH2M Hill Eng'rs, Inc. v. Springer*, No. 09-16-00479-CV, 2017 WL 6210837, at \*3 (Tex. App.—Beaumont Dec. 7, 2017, no pet.) (mem. op.) (holding that engineering firm did not show that trial court had abused its discretion by denying its motion to dismiss because although the record contained evidence that engineering firm was registered with the Board, the record did not contain any evidence that a licensed or registered professional practiced within the firm); *TDIndus., Inc.*, 2014 WL 1022453, at \*3 (holding that TDI failed to meet its burden of proof to show that trial court abused its discretion by denying its motion to dismiss because a printout from the Board's website "show[ed] nothing respecting TDI's asserted status as a licensed or registered professional pursuant to Chapter 150").

Because the record contains no evidence that FAI employed a licensed professional engineer at the time of the occurrence at issue; we hold that FAI has failed to meet its burden of proof to show that the trial court abused its discretion. Accordingly, we overrule FAI's sole issue.

## IV. Conclusion

Having overruled FAI's sole issue, we affirm the trial court's judgment.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered: December 10, 2020