

# NUMBER 13-24-00072-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CPM TEXAS, LLC,                                                         Appellant,

v.

CAROL HARPER, INDIVIDUALLY
AND AS NEXT FRIEND OF
LYRRIC APLON AND
JOSHUA HARPER AND
VONDA MALTIE,                                                          Appellees.

## ON APPEAL FROM THE 459TH DISTRICT COURT
## OF TRAVIS COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Silva**
**Memorandum Opinion by Justice Benavides**

This interlocutory appeal stems from the trial court's denial of CPM Texas, LLC's

motion to dismiss the claims of appellees Carol Harper, in her individual capacity and as

next friend of Lyrric Aplon and Joshua Harper, and Vonda Maltie (collectively Harper). By a single issue, CPM Texas contends that because Harper failed to file a certificate of merit contemporaneously with her petition, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(e), the trial court erred by denying its motion to dismiss. We affirm.

## I. BACKGROUND[1]

Harper initially filed her petition against Greater Mount Zion Baptist Church on August 11, 2022. Harper's petition alleged that the parking lot gate at the church "swung violently, crashing through [Harper]'s windshield and penetrating her skull." As litigation continued, other defendants were brought into the fold. As relevant here, Harper's third amended petition, filed on August 23, 2023, added CPM Texas and an architectural firm, FGM Architects, Inc. fka Jackson Galloway Associates, LLC, (FGM Architects) to the case.[2] In this pleading, Harper alleged that CPM Texas and FGM Architects, among other things, "failed to use ordinary care in the designing, planning, fabricating, installing, and repairing and/or replacing of the swing gate and/or replacement parts," leading to her injuries. A week later, Harper filed a nonsuit without prejudice as to FGM Architects. And finally, on October 6, 2023, Harper filed her fourth amended petition, reviving her claim against FGM Architects and attaching a certificate of merit pursuant to § 150.002 of the civil practice and remedies code.

---

[1] This case is before this Court on transfer from the Third Court of Appeals in Austin pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. §§ 22.220(a) (delineating the jurisdiction of appellate courts), 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer). Because this is a transfer case, we apply the precedent of the Austin Court of Appeals to the extent it differs from our own. *See* TEX. R. APP. P. 41.3.

[2] FGM Architects is not a party to this appeal.

On October 9, 2023, CPM Texas filed a motion to dismiss, alleging that Harper's failure to file the § 150.002 certificate of merit contemporaneously with her third amended petition mandated the dismissal of her claim against it. Harper responded that CPM Texas was not entitled to the protections of § 150.002 because it was not an architectural or engineering firm, nor did it employ any such professionals.

At a hearing on its motion to dismiss, counsel for CPM Texas argued that because it and FGM Architects were added to the litigation in Harper's third amended petition, but Harper did not attach a certificate of merit until her fourth amended petition, the trial court was required to dismiss her claim. The trial court signed an order denying CPM Texas's motion to dismiss. This interlocutory appeal followed. *See id.* § 150.002(f).

## II.  APPLICABLE LAW & STANDARD OF REVIEW

A plaintiff suing "for damages arising out of the provision of professional services by a licensed or registered professional" must file a certificate of merit with her initial complaint against that professional. *Id.* §§ 150.001(1-b) (defining "[c]omplaint" as "any petition or other pleading which, for the first time, raises a claim against a licensed or registered professional for damages arising out of the provision of professional services by the licensed or registered professional"), 150.002(a). The phrase "licensed or registered professional" refers to a licensed or registered architect, engineer, land surveyor, or landscape architect, or any firm in which such a professional practices. *Id.* § 150.001(1-c).[3] The certificate of merit must be attested to by a third-party design professional who "holds the same professional license or registration as the defendant"

---

[3] Hereinafter, we will refer to a "licensed or registered professional" as defined in § 150.001(1-c) as a "design professional."

3

and "practices in the area of practice of the defendant." *Id.* § 150.002(a)(2–3). And the certificate of merit must address the actions or omissions of each design professional against whom the plaintiff has asserted a cause of action. *Id.* § 150.002(b) (requiring the affidavit to "set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional"); *see also Fluor Enters. v. Maricelli*, No. 09-19-00121-CV, 2020 WL 2070257, at *5 (Tex. App.—Beaumont Apr. 30, 2020, pet. denied) (mem. op.) ("We agree that the plain language of [§] 150.002(b) requires the plaintiff to file a certificate of merit specifically addressing the conduct of the professional who provided the service at issue, and the certificate of merit must identify each defendant and that defendant's specific conduct.").

"A claimant's failure to file the affidavit in accordance with [§ 150.002] shall result in dismissal of the complaint against the defendant." TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(e). Attaching the certificate of merit to an amended complaint generally does not comport with the statute's requirements. *Id.* § 150.001(1-b); *Sharp Eng'g v. Luis*, 321 S.W.3d 748, 751 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Dismissal may be with or without prejudice. TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(e).

"We review a trial court's decision on a defendant's motion to dismiss under [§] 150.002 under an abuse of discretion standard." *Jaster v. Comet II Const., Inc.*, 382 S.W.3d 554, 557 (Tex. App.—Austin 2012), *aff'd*, 438 S.W.3d 556 (Tex. 2014). However, "[t]o the extent [our] analysis entails construction of Chapter 150, our review is de novo." *Jaster-Quintanilla & Assocs., Inc. v. Prouty*, 549 S.W.3d 183, 188 (Tex. App.—Austin

4

2018, no pet.). Our purpose in construing a statute "is to give effect to the Legislature's intent by looking at its plain and ordinary meaning, 'and then consider the term's usage in other statutes, court decisions, and similar authorities.'" *EBS Sols., Inc. v. Hegar*, 601 S.W.3d 744, 749 (Tex. 2020) (quoting *Tex. State Bd. Of Exam'rs of Marriage & Fam. Therapists v. Tex. Med. Ass'n*, 511 S.W.3d 28, 35 (Tex. 2017)).

### III. ANALYSIS

It is uncontroverted that CPM Texas is not a design professional. *See* TEX. CIV. PRAC. & REM. CODE ANN § 150.001(1-c). Nevertheless, CPM Texas contends that because Harper's claim against it arose from the same architectural services that gave rise to her claim against FGM Architects, Harper was required to file a certificate of merit contemporaneously with her third amended petition, which she did not.

In support of its position, CPM Texas asserts that "the plain language of § 150.002 does not require a defendant itself to be a [design] professional." "But enforcing a statute's plain language does not mean employing a 'bloodless literalism in which text is viewed as if it had no context.'" *Worsdale v. City of Killeen*, 578 S.W.3d 57, 74 (Tex. 2019) (quoting *W. Anderson Plaza v. Feyznia*, 876 S.W.2d 528, 532 (Tex. App.—Austin 1994, no writ)). "'Context,' after all, 'is a primary determinant of meaning.'" *Brown v. City of Houston*, 660 S.W.3d 749, 754 (Tex. 2023) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 167 (2012)). The remedy provided by § 150.002 is "dismissal of the complaint against *the defendant*," not a dismissal of every claim against every defendant. TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(e) (emphasis added). And to enjoy this remedy, "the defendant," according to § 150.002, must be a

5

design professional. *See id.* § 150.002(a), (b) (providing that a certificate of merit must be authored by someone who "holds the same professional license or registration as the defendant" and "practices in the area of practice of the defendant," and that it should describe the conduct "of the [design] professional"); *Odyssey 2020 Acad., Inc. v. Galveston Cent. Appraisal Dist.*, 624 S.W.3d 535, 540 (Tex. 2021) ("We give effect to all words of a provision and avoid constructions that would render any part of it meaningless."). CPM Texas acknowledges it is not a design professional. Accordingly, inoculating CPM Texas from suit with a statutory remedy intended for its co-defendant's benefit, not its own, does not align with the plain language or manifest intent of § 150.002.

Consider the corollary in the context of the expert report requirement applicable to health care liability claims. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. ch. 74; *cf. Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 388 (Tex. 2014) ("[T]he expert report requirements in the Medical Liability Act, TEX. CIV. PRAC. & REM. CODE [ANN.] §§ 74.001–.507, provide a useful if imperfect, analogue."); *M-E Eng'rs, Inc. v. City of Temple*, 365 S.W.3d 497, 506 (Tex. App.—Austin 2012, pet. denied) (explaining that "the certificate-of-merit requirement is similar to the expert-report requirement under chapter 74 of the civil practice and remedies code" in some respects). If an expert report is not filed in a health care liability claim by the code's deadline, the trial court must "dismiss[] the claim with respect to the physician or health care provider." TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b)(2). The civil practice and remedies code defines a health care provider in a similar fashion as it does a design professional; it requires the provider to be properly credentialed and lists as examples "registered nurse[s]," "dentist[s]," etc.

*Compare id.* § 74.001(12)(A) (defining "[h]ealth care provider" to refer to persons or entities "duly licensed, certified, registered, or chartered by the State of Texas to provide health care"), *with id.* § 150.001(1-c) (defining "[l]icensed or registered professional" to mean "a licensed architect, licensed professional engineer, registered professional land surveyor," etc.).

Accordingly, an unlicensed individual alleged to have negligently performed brain surgery, for example, is not entitled to the same expert report protections of § 74.351 as the credentialed brain surgeon who provides unsuccessful rehabilitative efforts in the aftermath, even if the two are joined as defendants in the same lawsuit. *See id.* § 74.001(12)(A); *Complex Rehab Techs., LLC v. Molina*, 660 S.W.3d 535, 540 (Tex. App.—San Antonio 2022, no pet.) ("Our interpretation of the definition of 'health care provider' the legislature used in [§] 74.001—requiring health care providers in Texas to be, essentially, licensed by the state—is neither contradicted by its context nor does it create an absurd or nonsensical result."); *Shiloh Treatment Ctr., Inc. v. Ward*, 510 S.W.3d 36, 38 (Tex. App.—Houston [1st Dist.] 2015, no pet.) ("Health care liability claims can only be asserted against physicians or health care providers."); *Brown v. Villegas*, 202 S.W.3d 803, 806–07 (Tex. App.—San Antonio 2006, no pet.) (holding that, although one defendant was a healthcare provider, two others were not, and an expert report was not required as to the non-health care provider defendants).

The same holds true in this context. An unlicensed and unregistered entity that negligently provides architectural services is not entitled to the same protections under the law that a licensed architect or architectural firm would be. *See* TEX. CIV. PRAC. & REM.

7

CODE ANN. ch. 150 (entitled "Licensed or Registered Professionals"); *see also De Leon v. Baker*, No. 10-22-00378-CV, 2023 WL 6885052, at \*3–4 (Tex. App.—Waco Oct. 19, 2023, no pet.) (mem. op.) (holding that, although the record indicated the appellants performed professional services, because there was no evidence to indicate they were design professionals, the trial court did not err by denying their motion to dismiss); *TDIndustries, Inc. v. My Three Sons, Ltd.*, No. 05-13-00861-CV, 2014 WL 1022453, at \*4 (Tex. App.—Dallas Feb. 14, 2014, no pet.) (mem. op.) (same); *cf. Lee v. 149 Pool, LLC*, No. 14-15-00953-CV, 2017 WL 1750105, at \*1 (Tex. App.—Houston [14th Dist.] May 4, 2017, no pet.) (mem. op.) ("Because 149 Pool is not a licensed or registered professional as defined by statute, we conclude that the trial court abused its discretion in dismissing the Lees' suit against 149 Pool with prejudice.").

CPM Texas cites two cases in which intermediate courts of appeals have held that a certificate of merit was required even though an unlicensed, unregistered individual provided professional services while working for a design professional firm: *Carter & Burgess, Inc. v. Sardari*, 355 S.W.3d 804 (Tex. App.—Houston [1st Dist.] 2011, no pet.), and *Capital One v. Carter & Burgess, Inc.*, 344 S.W.3d 477 (Tex. App.—Fort Worth 2011, no pet.). The persuasive value of these cases is minimal, though, as critically, relief in both cases was awarded to the *design professional*, not to its unlicensed, unregistered co-defendant. *See Sardari*, 355 S.W.3d at 806 ("Because we nevertheless conclude that the action against C & B arose from its provision of professional services as an architectural firm, the trial court abused its discretion by denying the motion to dismiss."); *Capital One*, 344 S.W.3d at 481 (holding that "CONA cannot seek to impose liability upon

8

C & B—a firm indisputably hired to provide professional engineering services—for a tort allegedly committed by [an unlicensed intern]" without meeting § 150.002's requirements as to C & B); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 150.001(1-c) (providing that a design professional includes "any firm in which such [design] professional practices"). There was also no evidence provided below that CPM Texas was working in the employ of FGM Architects, and Harper represents to this Court that she is "not attempting to hold CPM [Texas] vicariously liable for the conduct of the project architect or engineer."

The law enshrines added protections for professionals who act within the scope of their state-issued license or registration. It does not extend those same protections to persons or entities that provide services they have no licensure or registration to provide. Accordingly, we conclude the trial court did not abuse its discretion by denying CPM Texas's motion to dismiss. We overrule the sole issue presented.

## IV. CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES
Justice

Delivered and filed on the
3rd day of October, 2024.

9